Galveston, Harrisburg & San Antonio Railway Company

v. J. B. Borsky.

No. 217.

1. **Damages — New Cause of Action.** — The suit was filed January 31, 1890, and was to recover for injury to the growing crops of the plaintiff resulting from the alleged negligent construction of the roadbed of defendant near the lands leased and cultivated by the plaintiff. By amendment the plaintiff set up further claim for damages to his crop on June 5, 1890. There was no error committed by the court in overruling a demurrer to this amendment; demurrer being based upon the ground that it was a new cause of action.

2. **Contributory Negligence—Duty of Plaintiff to Protect Himself.**—Plaintiff's crops could have been protected by the construction of a ditch which would have cost $300. The plaintiff was not required to make such an expenditure to protect his property from injury resulting from the alleged negligence of appellant. Besides, he was a lessee, and it is doubtful whether under any circumstances a lessee would be required to cut such a ditch for his protection against the wrongful act of another, and under an ordinary lease he would have no authority to do so.

Vol. II. Civil—35

**3. Measure of Damages — How Arrived at.** — There was error in allowing evidence of the cost of planting and cultivating the crops up to the time of their destruction. The most satisfactory means of determining the value of the growing crop, at any stage of its existence, is to prove its probable yield under proper cultivation, the value of such yield matured and ready for market, and the expense of producing the crop and transporting it to market.

**4. Expert Testimony.** — Had the opinion of witnesses objected to by appellant been given without showing upon what their opinions were formed, they having qualified themselves as experts, their opinions would have been admissible.

Appeal from Fort Bend. Tried below before Hon. M. J. Hickey, County Judge.

*Pearson & Ballowe,* for appellant. — The only proper way of ascertaining the value of a growing crop at any stage of its existence, is to prove what that character of crop was worth at or near the place where it was grown when matured, and to make proper estimates and allowances from ascertained or ascertainable facts for contingencies and expenses attending its further cultivation and care. Railway v. McGowan, 73 Texas, 355; Railway v. Pape, 73 Texas, 501; Railway v. Summers, 3 Willson's C. C., sec. 348; 1 Suth. on Dam., 793; Express Co. v. Real Estate Assn., 81 Texas, 81.

*Mitchell & Mitchell,* for appellee. — 1. The measure of damages for the destruction of growing unmatured crops is the value of same at the date and place of destruction, with legal interest thereon from date of destruction. 1 W. & W. C. C., secs. 255, 298, 482, 1139; 2 Willson's C. C., sec. 288; 3 Willson's C. C., secs. 348, 389; Railway v. Young, 60 Texas, 201; Railway v. Joachimi, 58 Texas, 456; Railway v. Bayliss, 62 Texas, 570; Field on Dam., 23, 69, 70, 71; Sedgw. on Dam., 38.

2. In the absence of law declaring an act or omission to be contributory negligence, it is a fact to be found by the jury on the evidence, under proper instructions. Railway v. Murphy, 46 Texas, 356; Railway v. Parker, 50 Texas, 330; Railway v. Miller, 51 Texas, 270; Webb v. Railway, 57 Me., 117.

PLEASANTS, Associate Justice. — This is an appeal from a judgment rendered by the County Court of Fort Bend County, at the suit of the appellee, against the appellant. The basis of the suit was alleged injury to the growing crop of plaintiff, resulting from the alleged negligence of defendant in the construction of its roadbed lying near to the lands leased and cultivated by appellee. The plaintiff laid his damages in the sum of $840, and obtained judgment for the sum of $560.

The appellant filed general and special demurrers, and pleaded general denial; and specially denied that its roadbed was negligently constructed,

and averred that it was constructed with due care and skill; and averred further, that the damage to the crops of plaintiff was the result of plaintiff's own negligence.

The first assignment of error is, that the court erred in not sustaining defendant's demurrer to so much of plaintiff's "amended petition as set up claim for damages to his crops on the 5th of June, 1890, because such claim was a new cause of action, and one which accrued, if such existed, long after the institution of plaintiff's suit." We think there was no error committed by the court in overruling this demurrer.

Upon the trial there was evidence tending to show, that plaintiff's crops could have been protected from overflow by a ditch, and that such ditch might have been opened at a cost of $300; and it is insisted by appellant, under his sixth assignment of error, that the evidence showed such contributory negligence on the part of appellee as should defeat his right to recover for an injury against which he might have protected himself.

The law on this subject is thus stated by Mr. Field in his work on Damages (section 21): "It is the duty of a party to protect himself from the injurious consequences of the wrongful act of another, if he can do so by ordinary effort and care or at a moderate expense, for which effort and expense he may charge the wrongdoer. And where by use of such means he may prevent loss, he can only recover for such loss as could not thus be prevented."

We do not think it can be said in reference to this case, that the cutting of a ditch at a cost of $300 would have been but "ordinary care and effort" on the part of appellee, nor that the outlay of $300 could be termed "a moderate expense." The appellee was not required to make such an expenditure to protect his property from injury resulting from the alleged negligence of appellant. Besides, the evidence discloses that the appellee is not the owner, but the lessee, of the land upon which he was farming, and it is doubtful whether under any circumstances a lessee would be required to cut a ditch, such as the one proposed, for his protection against the wrongful act of another. A tenant under an ordinary lease would have no authority to make such change or alteration in the property of his landlord.

The appellant's objections to the evidence offered and admitted by the court to ascertain the value of the crops alleged to have been destroyed, we think are well taken; and for the error of the court in permitting witnesses for the plaintiff to testify as to the cost of planting and cultivating the crops up to the time of their alleged destruction, without further evidence, the cause must be reversed. Railway v. McGowan, 73 Texas, 355; Railway v. Pape, 73 Texas, 502. In these cases it is held, that the most satisfactory means of determining the value of a growing crop at any stage of its existence, is to prove its probable yield under proper cultivation, the

value of such a yield when matured and ready for sale, and also the expense of producing the crop, harvesting it, and preparing it for and transporting it to market.   When a witness, whose opinion is admissible as evidence, shows by his testimony that his opinion is formed from insufficient data, the evidence should be rejected.   Had the opinions of the witnesses whose testimony was objected to by appellant been given without showing upon what their opinions were formed, the witnesses having qualified themselves as experts, their opinions would have been admissible in evidence.

For the error of the court in admitting the testimony, the judgment is reversed and the cause remanded for another trial.

*Reversed and remanded.*

Delivered March 16, 1893.