[Civil No. 2082.   Filed June 19, 1925.]

[237 Pac. 184.]

# PAUL BEVILLE, Appellant, v. EMMA P. ALLEN, Appellee.

1. EMINENT DOMAIN—EASEMENT FOR IRRIGATION DITCH CANNOT BE TAKEN WITHOUT PAYMENT THEREFOR.—An easement across private property for an irrigation ditch is property which cannot be taken or damaged, even by public, without payment therefor, in view of Constitution, article 2, section 17.

2. WATERS AND WATERCOURSES — DESTRUCTION OF IRRIGATION DITCH NOT JUSTIFIED BY OFFER TO DELIVER WATER IN DIFFERENT MANNER.—Destruction of irrigation ditch, in which plaintiff had easement, *held* not excused on grounds that town offered owner of easement option of securing water from another ditch, irrespective of whether use of ditch may have been injurious to servient estate.

3. DAMAGES—MEASURE OF DAMAGE TO CROPS BY DEPRIVATION OF IRRIGATION WATER STATED.—Although ordinarily measure of damages for destruction of crop is value at time and place of destruction, where destruction is gradual, such as caused by deprivation of irrigation water, true measure of damages is difference between value of probable crop at maturity and its actual value at that time, less expense of preparing it for use or market.

4. DAMAGES — PROOF OF VALUE OF PERENNIAL PLANTS TO LAND FOR PURPOSE OF OCCUPANCY HELD ADMISSIBLE IN TORT ACTION.—In tort action, in determining measure of damages for permanent injury to perennial plants, such as fruit trees, alfalfa, and vines, proof of the value of things destroyed to the land for purpose of occupancy *held* admissible.

5. APPEAL AND ERROR—COURT PRESUMED TO HAVE ADMITTED EVIDENCE ONLY FOR PROPER PURPOSE.—In trial before court without jury, where judgment could have been rendered upon legal and competent evidence and correct theory of case, evidence, which was competent for some purpose, will be presumed to have been considered only for such purpose.

See (1) 20 C. J., p. 664, n. 85.   (2) 40 Cyc., p. 829, n. 4 New.
(3) 17 C. J., p. 887, n. 21, p. 889, n. 35, p. 890, n. 37, 38.   (4) 17
C. J., p. 1040, n. 3 New.   (5) 4 C. J., p. 776, n. 51.

1. See 10 R. C. L. 180.
3. See 8 R. C. L. 378.
4. See 8 R. C. L. 380.

APPEAL from a judgment of the Superior Court of the County of Maricopa. F. H. Lyman, Judge. Affirmed.

Messrs. Dougherty & Dougherty, for Appellant.

Messrs. Allen & Alldredge, for Appellee.

LOCKWOOD, J.—Emma P. Allen, hereinafter called plaintiff, brought suit against Paul Beville, hereinafter called defendant, asking for injunctive relief and damages. She alleged substantially that she was the owner of certain real estate in the town of Mesa, that defendant was the owner of certain other real estate therein, and that she and her grantors had for thirty-five years openly, notoriously, adversely, and under claim of right, owned and exercised an easement over defendant's property for conveying irrigation water to her premises. She further set up that defendant had obstructed and filled up the ditch used to convey the water and refused to allow her to use it in any manner, and that she had been damaged thereby though the loss of various crops on her premises in the sum of one thousand dollars ($1,000.00). She asked for an injunction against defendant's further preventing her use of the ditch and for her damages incurred. Defendant answered with a denial of all the allegations of the complaint, except his ownership of the property and set up two special defenses; one being an abandonment of any alleged rights, and the other that the town of Mesa, being duly authorized thereto by its ordinances, had provided another adequate method of irrigation for plaintiff and approved of defendant's closing the plaintiff's ditch. He alleged also that for certain reasons allowing the ditch to remain in use would greatly injure his property.

The case was tried to the court without a jury and written findings of fact were filed, among which are the following:

"That during the entire period of thirty-five years this plaintiff and her grantors, immediate and remote, have, as against defendant and his predecessors in title, openly, notoriously, adversely and under claim of right, held, owned, exercised, and used an easement over and across said lot 3 in block 36, of the use, operation, maintenance, and repair of said lateral ditch, and for conducting through said ditch from the Sirrine ditch water for the irrigation of the east half of said lots 1 and 8 in block 36."

The court further found substantially the other allegations of plaintiff's complaint to be true and fixed her damages at a total of $509.75. The only segregated item was the expense of reopening the ditch amounting to $29.40. Judgment was rendered in accordance with the findings, and, after the usual motion for new trial was made and denied, defendant appealed to this court.

There are some seventeen general assignments of error, several of them with many subheads. We will consider the different legal propositions raised thereby.

The first question is the sufficiency of the evidence to sustain the finding of the open, notorious, and adverse possession necessary to establish the claim of easement. We have examined the transcript of evidence with care, and are satisfied there is sufficient therein to sustain the quoted finding of the trial court on that point. The many authorities cited by appellant lay down excellent rules of law, but the facts found render it unnecessary to discuss them. The interference with the ditch was admitted by the defendant, and plaintiff had therefore established a case which defendant was compelled to meet by an affirmative defense in order to prevail. There was no finding on the question of abandonment, but a negative

one on that defense was, of course, implied by the finding quoted.

We will consider, therefore, the other affirmative defense to the effect that the town of Mesa had authorized the filling in of the ditch across the defendant's land, and had offered to deliver water to plaintiff in another manner, and in that only. It is, of course, true that the town could not, by an ordinance passed in 1917, destroy an easement across private property which had vested years before. An easement for an irrigation ditch is property, and cannot be taken or damaged, even by the public, without payment therefor. Article 2, section 17, Constitution of Arizona.

Whether or not the town could refuse to deliver water to plaintiff for irrigation purposes except at a place fixed by it, or what it might do with ditches on a public street, we need not here decide. The record shows that defendant expressly disclaimed any contention that the town refused to deliver water to plaintiff except in a different manner than under the easement; his position apparently being that the town offered plaintiff the option of securing her water from another ditch which was as convenient as the one in question. That being the case, it is plain that such action on the part of the town would be no justification for defendant's obstructing the use of the easement. Further than that, the evidence shows a sharp conflict as to the practicability of the new method offered. After the disclaimer of defendant, there would have been no error in rejecting all testimony as to any other proposed method of irrigation, except in so far as it went to the question of damages; but the record shows that the description and location of the new ditch proposed, its practicability, and various attempts to use it were fully gone into. Since from the foregoing it appears that plaintiff's easement was obstructed by defendant without legal

cause or excuse, the permanent injunction was properly issued. The fact that it may injuriously have affected defendant's property affords no excuse for a denial of plaintiff's substantial legal rights.

There remains for discussion only the question of whether the damages fixed by the court were properly arrived at. In the plaintiff's complaint she sets up general damages only to the "trees, vegetables, plants, and shrubbery," and to the "crop of fruit which was growing on said premises." The damages awarded were not segregated, with the exception of the cost of reopening the ditch, and we have no means of determining how the trial court arrived at the particular amount.

There were two classes of damages pleaded: First, for the loss of crops; and second, for permanent injury to perennial plants, such as fruit trees, alfalfa, and vines. The measure of damages for the first class is ordinarily given as the value of the crop at the time and place of destruction. 17 C. J. 887. But when the destruction is a gradual one, such as was caused in this case by the deprivation of irrigation water, we think the true rule is the difference between the value of the probable crop at maturity and its actual value at that time, less the expense of preparing it for use or market. *Galveston, H. & S. A. Ry. Co.* v. *Borsky,* 2 Tex. Civ. App. 545, 21 S. W. 1011; *American S. & R. Co.* v. *Riverside, etc.,* 236 Fed. 510, 149 C. C. A. 562.

In the second class, while there is a conflict of authority, and possibly the greater number of cases hold that the measure of damages is the difference in value of the land before and after the injury, yet in cases of this kind, where the injury sounds in tort, we think the rule laid down in *Gilman* v. *Brown,* 115 Wis. 1, 91 N. W. 227, that plaintiff may also offer proof of the value of the things destroyed to the real estate for

28 Ariz.—26

the purpose of occupancy, is the proper one. The court therein says:

"It must not be forgotten that recovery in trespass is always based upon a wrongful invasion of the plaintiff's rights, and that the rule of damages adopted should be such as to more carefully guard against failure of compensation to the injured party than against possible overcharge upon the wrongdoer. An owner of real estate has a right to enjoy it according to his own taste and wishes, and the arrangement of buildings, shade trees, fruit trees, and the like, may be very important to him, may be the result of large expense, and the modification thereof may be an injury to his convenience and comfort in the use of his premises which fairly ought to be substantially compensated, and yet the arrangement so selected by him might be no considerable enhancement of the sale value of the premises, it might not meet the taste of others, and the disturbance of that arrangement, therefore, might not impair the general market value. Hence it is apparent that, while the owner may be deprived of something valuable to him, for which he would be willing to pay substantial sums of money, or which might have cost him substantial sums, yet he might be wholly unable to prove any considerable damages merely in the form of depreciation of the market value of the land. The owner of property has a right to hold it for his own use, as well as to hold it for sale, and, if he has elected the former, he should be compensated for an injury wrongfully done him in that respect, although that injury might be unappreciable to one holding the same premises for purposes of sale."

The evidence admitted over the objections of defendant on the issue of damages was relevant, if considered by the court for the proper purpose, and the amount of damages found could reasonably have been deduced from the evidence, according to the rules we have announced. This was not a trial before a jury, but before the court, and we must assume, since the judgment could have been rendered upon legal

and competent evidence and on a correct theory of the case, that only such evidence was considered and such a theory adopted by the trial court. 4 C. J., paragraph 2726.

No reversible error appearing in the record, the judgment is affirmed.

McALISTER, C. J., and ROSS, J., concur.