# TWIN CITY FIRE INS. CO. v. TURNBOW.

## No. 1962.

Court of Civil Appeals of Texas. Eastland.

Dec. 15, 1939.

Rehearing Denied Jan. 12, 1940.

642

Stinson, Hair, Brooks & Duke, of Abilene, for appellant.

Scarborough & Ely, of Abilene, for appellee.

GRISSOM, Justice.

L. F. Turnbow instituted this suit in a justice court of Taylor County against Twin City Fire Insurance Company. The insurance company, after pleading defensively, filed a cross-action against Turnbow on a note for $14.70, given for the premium on the hail insurance policy upon which plaintiff bases his suit. The case was appealed to the county court of Taylor County. Judgment was there rendered for Turnbow against the insurance company for the sum of $80, and for the insurance company against Turnbow for the sum of $14.70, "each to be offset against the other." Said judgment further recites: "It is therefore the ruling of this court that the plaintiff * * * do have and recover of and from the defendant * * * the sum of $65.30 * * *."

The insurance company has appealed.

The plaintiff (appellee) challenges the jurisdiction of this court. Article 1819, R. S. 1925, (as amended by Acts 1929, 41st Leg., p. 68, ch. 33, § 1) Vernon's Ann.Civ.St. art. 1819, provides: "The appellate jurisdiction of the Courts of Civil Appeals shall extend to all civil cases within the limits of their respective districts of which the District Courts and County Courts have or assume jurisdiction when the amount in controversy or the judgment rendered shall exceed One Hundred Dollars exclusive of interest and costs."

In connection with said contention plaintiff states that under said rule, even though the amount sued for does not exceed $100, exclusive of interest and costs, if the value of the security on which foreclosure is sought exceeds the sum of $100 this court has jurisdiction. We agree with plaintiff's statement of the rule, but we are of the opinion that the allegations of defendant's cross-action bring it within said rule. Plaintiff's suit in the county court was for $80 damages, alleged to have been caused by hail. Defendant's cross-action was based on the note and mortgage; defendant sought foreclosure of its mortgage lien on plaintiff's oat crop, and that relief was improperly denied. The value of the mortgaged property was alleged in defendant's cross-action as follows: "Defendant here alleges that the reasonable value of said oat crop *is* the sum of $150 and that the said defendant here prays the court for foreclosure of its mortgage lien * *." (Italics ours.)

The question of jurisdiction is to be determined "by the averments in the petition in so far as they state facts in relation to the thing in controversy; and this is true, regardless of the truth of the allegations, unless it is made to appear by pleading and proof that the allegations as to jurisdiction were fraudulently made." Booth v. Texas Employers' Ins. Ass'n, 132 Tex. 237, 123 S.W.2d 322, 327. Since the amount in controversy is to be determined by the pleadings, and defendant in its cross-action alleged the value of the mortgaged property at the time of the institution of the suit was $150, we think this court has jurisdiction of the appeal. Plaintiff's (appellee's) cross-assignment is therefore overruled.

The insurance policy in question was in the sum of $200. Paragraph 22 of the policy provides, in substance, that in the event the insured crop is damaged by hail the amount payable under the policy shall in no event exceed the actual loss or damage sustained by hail. Paragraph 5 provides: "If this policy covers grain crops other than corn, no liability attaches until at least 75 per cent of the plants have jointed." There was no proof that at the time plaintiff's oat crop was damaged by hail that 75 per cent of the plants had jointed. Defendant contends that in the absence of proof of such fact, under said contract provision, liability of the insurance company is not shown. We know of no rule of law that prevents the making of such a contract with liability of the defendant, in any event, contingent upon the injured plant being in a certain state of growth or development at the time of the injury or damage. The parties have so agreed in this instance. Potomac Ins. Co. v. Easley, Tex.Com.App., 1 S.W.2d 263; Federal Surety Co. v. Smith, Tex.Com. App., 41 S.W.2d 210, 213; John Christensen & Co. v. McNeil, Tex.Civ.App., 251 S. W. 351; Superior Lloyds of America v. Boesch Loan Co., Tex.Civ.App., 130 S.W. 2d 1036; 24 Tex.Jur. 1061. The policy here sued on does not contain an agreement fixing the value of the crop per acre and providing for payment for loss and damage on the basis of such value as the policy did which was considered in St. Paul Fire & Marine Ins. Co. v. Pipkin, Tex.Civ.App., 207 S.W. 360, 361.

There was evidence that the plaintiff's oat crop was damaged by hail to the extent of 40 per cent or more. There was no other proof of the amount of damages suffered by the plaintiff. The petition alleges the hail insurance policy insured plaintiff "against loss by hail to ten acres of oats in the total amount of $200 * * *." It alleged that the oat crop had been damaged in the amount of 40 per cent of said total amount. Appellant's second assignment of error is to the effect that, there being a total absence of evidence showing the difference between the value of the oat crop before and after the hail, proof, under such a policy, merely that the crop had been damaged 40 per cent was insufficient to authorize a recovery of damages. The contention is sustained. In 13 Tex.Jur. p. 44, 45, the applicable rule is stated as follows:

"In case of partial injury to a crop, the measure of damages is the difference between the value of the property immediately before and immediately after the injury * * *."

"In arriving at the value of a growing crop which has been injured or destroyed, it is proper to consider evidence showing the probable yield, under proper cultivation, the value of such yield when matured and ready for sale, and also the expense of cultivation, gathering, preparation and transportation to market."

Also, see International & G. N. Ry. Co. v. Pape, 73 Tex. 501, 11 S.W. 526; City of Amarillo v. Ware, 120 Tex. 456, 40 S. W.2d 57, 62; Shell Pipe Line Corp. v. Harris, Tex.Civ.App., 68 S.W.2d 236, 237; Galveston, H. & S. A. Ry. Co. v. Borsky, 2 Tex.Civ.App. 545, 21 S.W. 1011, 1012; Abilene & S. Ry. Co. v. Herman, Tex.Civ. App., 47 S.W.2d 915, 919.

Defendant's said assignments of error are sustained. There are no other errors assigned which need arise upon another trial and, since the judgment must for the reasons stated be reversed, they will not be discussed. The judgment is reversed, and the cause remanded.