52 P.3d 795

Thomas E. **BLANKENBAKER,** D.C., dba **Vax–D Medical Centers,** an Arizona sole proprietorship, Plaintiff, Counterdefendant–Appellant,

v.

Tommy **JONOVICH,** an individual, Defendant, Counterclaimant–Appellee.

No. 1 CA–CV–01–0379.

Court of Appeals of Arizona, Division 1, Department C.

Sept. 3, 2002.

Thomas E. Blankenbaker, D.C., Mesa, In propria persona.

Sanders & Parks, P.C. By Rick N. Bryson, Brett M. Hager, Phoenix, Attorneys for Defendant, Counterclaimant–Appellee.

**OPINION**

LANKFORD, Judge

¶ 1 Thomas E. Blankenbaker, D.C., appeals from a summary judgment in favor of his former patient, Tommy Jonovich, in this dispute over the validity of a medical lien. We recently held an untimely perfected lien is not invalid when the patient had prior actual notice of the existence and amount of the lien. *See Andrews v. Samaritan Health System,* 201 Ariz. 379, 386–87, ¶¶ 33–38, 36 P.3d 57, 64–65 (App.2001). In this case, we hold that an unperfected lien is valid against a patient who has actual notice of the lien's existence and amount. We therefore reverse and remand to the superior court for further proceedings.

¶ 2 On appeal from a summary judgment, we view the evidence in the light most favorable to the party against whom judgment was entered and review the entitlement to judgment de novo. *See United Bank of Ariz. v. Allyn,* 167 Ariz. 191, 193, 805 P.2d 1012, 1014 (App.1990). The following statement of facts reflects that standard of review.

¶ 3 Dr. Blankenbaker is a licensed chiropractor who operated the VAX–D Medical Group, P.C. The corporation provided physical therapy and rehabilitation services.

¶ 4 Dr. David Haggard, D.C., referred Jonovich to Dr. Blankenbaker in August 1998. Dr. Haggard had been treating Jonovich for injuries resulting from an automobile collision that occurred in March 1998, but the treatment had not resolved Jonovich's injuries.

¶ 5 Dr. Blankenbaker agreed to treat Jonovich without immediate payment if Jonovich and his attorney granted Dr. Blankenbaker the right to recover the sums owed for treatments from any monetary recovery for Jonovich's injuries. Both Jonovich and his counsel in the personal injury matter signed Dr.

Blankenbaker's "Medical Records and Doctor's Lien" form.[1]

¶6 Jonovich eventually settled his claim against the tortfeasor. Dr. Blankenbaker claimed $4,161.82 for treatments and sought payment from Jonovich's attorney. Jonovich disputed both the existence and the amount of any debt to Dr. Blankenbaker.

¶7 When Jonovich failed to pay, Dr. Blankenbaker filed a complaint in justice court seeking payment of $4,161.82. Jonovich denied any liability and counterclaimed for a declaratory judgment that the lien was invalid. Because justice courts lack jurisdiction to issue declaratory judgments, see Ariz. Rev.Stat. ("A.R.S.") § 22–201 (2002) (justice court civil jurisdiction), the matter was transferred to superior court.

¶8 Jonovich moved for partial summary judgment, arguing that the lien was void and unenforceable. Because Dr. Blankenbaker had not followed the statutory procedures for recording and providing notice of the medical lien, he argued, no valid lien arose.

¶9 The superior court granted Jonovich's motion. The court entered judgment declaring the lien invalid and certified the judgment as final pursuant to Arizona Rules of Civil Procedure ("Ariz. R. Civ.P.") 54(b). The court also awarded costs and attorneys' fees to Jonovich pursuant to A.R.S. § 12–341.01(A)(Supp.2001) (fees in contract claims) and Ariz. R. Civ. P. 68(d) (double costs when offer of judgment not accepted).

¶10 Dr. Blankenbaker timely appealed. He challenges the judgment declaring the lien invalid, the award of fees to Jonovich, and the denial of a motion to strike part of Jonovich's reply memorandum in support of his summary judgment motion. Our jurisdiction rests on A.R.S. § 12–2101(B) (1994).

¶11 We reverse the declaratory judgment because Dr. Blankenbaker has an enforceable statutory medical lien. This lien arose by operation of law and is not dependent on the written lien agreement. The lien is valid even though it is unperfected. Because we reverse the trial court's decision based on the medical lien statutes, we need not address Dr. Blankenbaker's argument that the lien agreement was enforceable as an "attorney guarantee contract."

¶12 The medical lien is governed by statute, which provides in relevant part:

> Every individual, partnership, . . . corporation or institution . . . providing health care services in this state, which has been duly licensed by this state . . . is entitled to a lien for the customary charges for . . . treatment . . . on all claims of liability . . . for damages accruing to the person to whom the services are rendered . . . on account of the injuries that gave rise to the claims and that required the services.

A.R.S. § 33–931 (2000). In *Andrews*, we noted that "[t]he medical lien is *automatically granted* by A.R.S. § 33–931 upon the care and treatment of a person injured by the negligence of a third party." 201 Ariz. at 386, ¶33, 36 P.3d at 64 (emphasis added).

¶13 For purposes of this appeal, the parties dispute neither that Dr. Blankenbaker

---

1. The agreement provided in relevant part:

   I do hereby authorize Thomas E. Blankenbaker, D.C. to furnish you, my attorney, with a full report of his examination, diagnosis, treatment, prognosis, etc., of myself in regard to the accident in which I was involved.

   I hereby authorize and direct you, my attorney, to pay directly to said doctor such sums as may be due and owing him for medical service rendered me both by reason of this office and to withhold such sums from any settlement, judgment or verdict as may be necessary to adequately protect said doctor. And I hereby further give a lien on my case to said doctor against any and all proceeds of my settlement, judgment or verdict which may be paid to you, my attorney, or myself as the result of the injuries for therewith.

   I fully understand that I am directly and fully responsible to said doctor for all medical bills submitted by him for services rendered to me and that this agreement is made solely for said doctor's additional protection and in consideration of his awaiting payment. And I further understand that such payment is not contingent on any settlement, judgment, or verdict by which I may eventually recover said fee.

   Dated: _____

   Patient Signature _____

   The undersigned being attorney of record for the above and agrees to withhold such sums form [sic] any settlement, judgment, or verdict as may be necessary to adequately protect said doctor named above.

   Dated: _____

   Attorney Signature _____

was a licensed health care provider nor that Jonovich sought treatment from Dr. Blankenbaker for injuries caused by a third party, for which he later recovered money. Thus, the facts show that a lien on Jonovich's recovery *automatically* arose when Dr. Blankenbaker provided treatment to Jonovich, in an amount necessary to cover Dr. Blankenbaker's "customary charges." A.R.S. § 33–931.

¶ 14 The lien created by statute is valid even though it is unperfected. In *Andrews*, we held that a hospital which had untimely recorded its lien pursuant to A.R.S. § 33–932 held an unperfected but enforceable lien.[2] We explained that an unperfected lien can be valid as to the patient:

> If we were determining priority among multiple lienholders, timeliness would, of course, be material. Here, there are no other potential creditors. The money at issue is either going to the plaintiffs or to the hospitals....

We agree that if a patient has actual notice of the full charges of treatment, he or she is not prejudiced by the untimely filing of the lien. One who has 'actual notice is not prejudiced by and may not complain of the failure to receive statutory notice.' *In the Matter of the Estate of Ivester*, 168 Ariz. 323, 327, 812 P.2d 1141, 1145 (App.1991). Thus, as to the patient with actual notice of the hospital's lien, the purpose of the recording statute is not frustrated by the untimely recording of the medical lien....

> *Arizona's medical lien statute requires timely filing only to 'perfect' the lien.*

A.R.S. § 33–932. The *perfection, however, does not alter the existence of the lien* which arises under a different statute.

*Andrews*, 201 Ariz. at 386–87, ¶¶ 36–38, 36 P.3d at 64–65 (emphasis added).

¶ 15 Similarly, Dr. Blankenbaker's failure to perfect the lien pursuant to A.R.S. § 33–932 does not affect the existence of the lien that arose pursuant to A.R.S. § 33–931. The lien agreement provided notice to Jonovich that Dr. Blankenbaker would assert a lien on the proceeds of any judgment against or settlement with the tortfeasor. Jonovich has not alleged that any competing creditors with perfected or unperfected liens are seeking payment from the disputed funds. When the patient has actual notice of the asserted lien and of the charges for treatment, the patient is not prejudiced by the caregiver's failure to perfect the lien. We reverse the superior court's grant of summary judgment in Jonovich's favor on this issue, and remand for further proceedings.[3]

¶ 16 Because we reverse the judgment in favor of Jonovich, we also reverse the superior court's award of costs and attorneys' fees to Jonovich.

¶ 17 Dr. Blankenbaker next contends that the superior court abused its discretion in denying his motion to strike footnote six from Jonovich's reply in connection with the motion for summary judgment. The footnote alleged that Dr. Blankenbaker had filed several other lawsuits, numerous complaints with the Board of Chiropractic, and "approximately ten Bar Complaints against this firm." The footnote also alleged that none of the complaints had been found meritorious,

**2.** Section 33–932 states in pertinent part:

> In order to perfect a lien granted by § 33–931, the ... licensed health care provider shall ... within thirty days after the patient has received any services ... record ... a verified statement in writing setting forth the name and address of the patient ... the name and location of the health care provider ... the dates of services ... the amount claimed due for health care, and ... the names and addresses of all persons, firms or corporations and their insurance carriers claimed ... to be liable for damages arising from the injuries.... The claimant shall also ... mail a copy thereof by certified mail to the injured person and to each person, firm or corporation claimed to be liable for

> damages and their respective insurance carriers.... If a hospital records such a claim or lien, the recording shall be notice to all persons, firms or corporations liable for damages, whether or not they are named in the claim or lien.

**3.** The parties apparently continue to dispute what, if anything, Jonovich owes for the treatments Dr. Blankenbaker provided. That issue is not before us, and we express no opinion regarding the amount of the lien. *See generally LaBombard v. Samaritan Health System*, 195 Ariz. 543, 551–52, ¶¶ 35–37, 991 P.2d 246, 254–55 (App. 1998) (medical care provider's "customary charges" under medical lien statute may differ from provider's "billed charges").

implied that Dr. Blankenbaker was engaging in the "sport" of "practicing law full time," and stated that his conduct was oppressive and over-reaching and that his request for Rule 11 sanctions was "frivolous." Dr. Blankenbaker contends that the superior court erred in refusing to strike footnote six.

¶ 18 The superior court may strike from a pleading "any redundant, immaterial, impertinent, or scandalous matter." Ariz. R. Civ. P. 12(f). Motions to strike are not favored, however, and matters " 'should not be stricken from a pleading unless it is clear that [they] can have no possible relation to the subject matter of the litigation' and the movant can show he is prejudiced by the allegations." *Stone v. Arizona Hwy. Comm'n*, 93 Ariz. 384, 395, 381 P.2d 107, 114 (1963) (citations omitted) (*overruled in part on other grounds by Grimm v. Arizona Bd. Of Pardons & Paroles*, 115 Ariz. 260, 564 P.2d 1227 (1977)).

¶ 19 The allegations that Dr. Blankenbaker had filed numerous other lawsuits, board complaints, and bar complaints against Jonovich's attorneys, were arguably relevant. Dr. Blankenbaker had sought Rule 11 sanctions and Jonovich contended that the motion was motivated by something other than a good faith belief that frivolous pleadings had been filed in bad faith. Moreover, Dr. Blankenbaker had stated in his response to Jonovich's motion for summary judgment that "Jonovich's attorney and he have been involved in other litigation and the instant motion is part of a vendetta Jonovich's attorney has against him." Thus, Dr. Blankenbaker first mentioned the unrelated litigation and the motivations for it. While the existence of the numerous lawsuits and complaints was irrelevant to the issue whether the lien was valid, we presume that the superior court considered the information only in relation to the matter to which it was relevant. *See Beville v. Allen*, 28 Ariz. 397, 402–03, 237 P. 184, 185–86 (1925) (presume trial court considers evidence only for permissible purpose). Accordingly, we find no prejudice from footnote six that would have compelled the superior court to strike it.

¶ 20 Accordingly, we reverse the superior court's summary judgment in favor of Jono-vich and remand for further proceedings consistent with this decision. We reverse the court's award of costs and attorneys' fees in favor of Jonovich and we affirm the court's denial of Dr. Blankenbaker's motion to strike. Dr. Blankenbaker is entitled to an award of costs on appeal, upon his compliance with Arizona Rule of Civil Appellate Procedure 21.

CONCURRING: ANN A. SCOTT TIMMER, Presiding Judge, and SUSAN A. EHRLICH, Judge.