803 P.2d 925

**NATIONWIDE MUTUAL INSURANCE COMPANY, a Foreign Corporation Authorized to do Business in Arizona, Plaintiff/Appellee,**

v.

**ARIZONA HEALTH CARE COST CONTAINMENT SYSTEM, a Governmental Entity; Leonard J. Kirschner, M.D., M.P.H., Director of Administration, Defendants/Appellants.**

**The STATE of Arizona By and Through the ARIZONA HEALTH CARE COST CONTAINMENT SYSTEM, Plaintiff/Appellant,**

v.

**NATIONWIDE INSURANCE COMPANY, an Ohio Corporation, Defendant/Appellee.**

**No. 2 CA–CV 90–0107.**

Court of Appeals of Arizona, Division 2, Department B.

Oct. 30, 1990.

Redesignated as Opinion and Publication Ordered Dec. 13, 1990.

Law Offices of Warren S. McCord by Paul J. Prato and Blake E. Whiteman, Scottsdale, for plaintiff/appellee.

Johnston Maynard Grant & Parker by Logan T. Johnston and Charles J. Adornetto, Phoenix, for defendants/appellants.

FERNANDEZ, Chief Judge.

This case involves the right of the State of Arizona by and through the Arizona Health Care Cost Containment System and its director Leonard J. Kirschner (hereafter AHCCCS) to recover from the indemnitor of third-party tortfeasors the cost of medical care provided to an AHCCCS member pursuant to AHCCCS's statutory lien, subrogation, and assignment rights. AHCCCS appeals from the court's granting of summary judgment to appellee Nationwide Mutual Insurance Company and the award of attorney's fees. We affirm the summary judgment and reverse the fee award.

AHCCCS is a state agency created to provide health care to the indigent in Arizona. A.R.S. § 36–2903. On June 13, 1986, Frank Farmer was injured in an automobile accident. Farmer enrolled in AHCCCS and assigned it his right to recover medical benefits. AHCCCS furnished medical care to Farmer in the amount of $4,795.19. On June 19, 1986, AHCCCS recorded a lien pursuant to A.R.S. § 36–2915(B) for the cost of the medical

care it had provided Farmer. The lien states that the names of adverse parties and insurers were unknown.

The adverse driver in the accident was a person named Ackley. On August 5, 1986, Nationwide, the Ackleys' insurer, paid Farmer $15,000 in settlement of his claim against the Ackleys. AHCCCS amended its lien on September 30, 1986 to list Farmer's attorney, the Ackleys, and Nationwide. Nationwide received a copy of the amended lien on October 2, 1986.

In September 1987, AHCCCS demanded payment from Nationwide. After Nationwide refused to pay, it filed a declaratory relief action to have the lien declared unenforceable. A week later, unaware of Nationwide's lawsuit, AHCCCS filed its own suit to enforce the lien. After the suits were consolidated, the parties filed cross-motions for summary judgment.

On appeal, AHCCCS contends that the trial court erred in granting Nationwide summary judgment, arguing that AHCCCS is entitled to recover under one of three theories: its statutory lien pursuant to A.R.S. § 36–2915, its subrogation rights under the Medical Care Cost Recovery Act, or its assignment of Farmer's right to recover under A.R.S. §§ 36–2903(G) and 12–962(A). AHCCCS also contends that the court erred in awarding Nationwide attorney's fees.

## STATUTORY LIEN

AHCCCS's lien arose under A.R.S. § 36–2915(A), which provides:

> The administration is entitled to a lien for the charges for hospital or medical care and treatment of an injured person ... on any and all claims for damages accruing to the person ... on account of injuries giving rise to such claims....

Subsection B provides for perfection of the lien by recording a statement showing, inter alia, "the names and addresses of all persons, firms or corporations and their insurance carriers alleged by the injured person ... to be liable for damages arising from the injuries" for which the person received medical care. Subsection B also states that "[t]he recording of the lien is notice of the lien to all persons, firms or corporations liable for damages, whether or not they are named in the lien."

The director of AHCCCS is authorized to enforce its lien pursuant to A.R.S. § 36–2916(B), which provides in part:

> If any amount has been or is to be collected by the injured person or his legal representative from or on account of the person, firm or corporation liable for damages by reason of a judgment, settlement or compromise, the director may enforce the lien by action against the person, firm or corporation liable for damages.

The trial court ruled that neither § 36–2915 nor § 36–2916 permits a direct action against an insurer in the position of an indemnitor only. AHCCCS argues that legislative intent establishes that its lien does apply to indemnitors, claiming that § 36–2915 is nearly identical to the hospital lien statute, A.R.S. § 33–931. AHCCCS is correct that § 36–2915 and § 33–931 contained identical pertinent language at the time the lien in question was recorded. Both sections provided for liens for "any and all claims for damages." However, as AHCCCS has pointed out, § 33–931 was amended in 1988 to authorize liens for "any and all claims of liability or indemnity except health insurance." Section 36–2915, on the other hand, was amended twice in 1988, once in the same act as the amendment to § 33–931, but the pertinent language in § 36–2915 was not changed. Despite AHCCCS's arguments to the contrary, the fact that the legislature added indemnity language to the hospital lien statute but not to the AHCCCS lien statute indicates that the AHCCCS lien statute does *not* apply to indemnitors but only to persons directly liable to the injured person. Nationwide does not fall into that category.

In its brief, AHCCCS argued that its position is also supported by the fact that proposed legislation in the 1989 legislative session that contained the indemnity language added to § 33–931 was *not* enacted. At oral argument, AHCCCS contended that

legislation enacted in the 1990 legislative session indicates that the legislature intended all along to include insurers in the lien statute. Effective September 27, 1990, A.R.S. § 36–2915(A) reads:

> The administration is entitled to a lien for the charges for hospital or medical care and treatment of an injured person for which the administration or a provider is responsible, on any and all claims *of liability or indemnity* for damages accruing to the person to whom hospital or medical service is rendered.... [1]

(Emphasis added.) We find no merit to AHCCCS's contention that the added language merely clarifies the pre-existing legislative intent. Statutory construction is not a matter of wishful thinking; it consists instead of applying the express language of a statute.

We also find no merit to AHCCCS's claim that the amendment is retroactive to its June 19, 1986 lien in this case. The cases cited by AHCCCS in support of that contention do not assist it. The issue in *In re Dos Cabezas Power District*, 17 Ariz. App. 414, 498 P.2d 488 (1972) was not whether the statute was retroactive, but whether rights had vested prior to the effective date of the amended statute. In *Merchants Despatch Transportation Corp. v. Arizona State Tax Commission*, 20 Ariz.App. 276, 512 P.2d 39 (1973), the court noted the general rule that statutes that involve remedies or procedures are given retrospective construction. However, the court then added, "except where such a construction would impose liabilities not existing at the time of its passage." *Id.* 20 Ariz.App. at 279, 512 P.2d at 42. At the time the lien in this case was recorded, AHCCCS had no lien rights against an indemnitor; amendment of the statute in 1990 does not create a lien right retroactive to 1986.

We also note that § 36–2915(B) requires AHCCCS to mail a copy of the lien to each "person, firm or corporation" allegedly liable for damages. It does not include the insurance carrier in that list. If the legislature had intended to make the insurance carrier directly liable for an AHCCCS lien, it would have directed that notice be mailed to the insurance carrier as well. Although Arizona lien statutes are remedial and are to be liberally construed, their provisions must be strictly followed. *Lewis v. Midway Lumber, Inc.*, 114 Ariz. 426, 561 P.2d 750 (App.1977). We cannot ignore the plain language of the statute.

The general rule is that, in the absence of a contractual or statutory provision to the contrary, an injured person has no direct cause of action against a tortfeasor's insurance company. Annot., 16 A.L.R.2d 881, § 1 (1951). Arizona has not enacted a direct action statute to permit injured persons to sue the tortfeasor's insurance carrier, and no contract provision involved here creates such a right. Thus, we agree with the trial court that AHCCCS has no lien against Nationwide.

## MEDICAL CARE COST RECOVERY ACT

Next, AHCCCS contends that it can recover from third parties pursuant to its subrogation rights under the Medical Care Cost Recovery Act. A.R.S. §§ 12–961 through 12–964. The act allows AHCCCS to recover the cost of medical care furnished to a person who is injured "under circumstances creating tort liability upon a third person" directly from that third person or from the claimant. A.R.S. § 12–962(A). Under the statute, AHCCCS is subrogated to the rights of the injured person.

Enforcement of those rights is governed by § 12–962(B), which provides:

> To enforce such right, the state or political subdivision may do the following:
>
> 1. Intervene or join in any action or proceeding brought by the injured ... person ... against the third person who is liable for the injury....
>
> 2. If an action or proceeding is not brought by the injured ... person ...

---

1. The fact that the statute now includes that language means, of course, that the issue in this case can only arise again with liens that were recorded prior to September 27, 1990.

within six months after the first day on which the medical care and treatment was furnished, institute and prosecute legal proceedings against the third person who is liable for the injury ... for which the medical care and treatment was furnished....

3. Recover the cost of care from the injured ... person ... to the extent that such person has received money in settlement of his claim or satisfaction of a judgment against the third party.

In this case, Farmer did not sue the Ackleys so AHCCCS could not have intervened or joined in any action by him. Thus, subsection 1 is not applicable. Subsection 3 provides for an action against Farmer only.

The nature of subrogation rights is discussed in *Employers Mutual Liability Insurance Co. v. Robert E. McKee General Contractors, Inc.,* 16 Ariz.App. 77, 80, 491 P.2d 27, 30 (1971) as follows:

Subrogation is the substitution of one person in place of another with reference to a lawful claim, demand, or right, so that he who is substituted succeeds to the rights of such other in relation to a debt or claim. [Citations omitted.] A subrogee, however, occupies the position of the party for whom he is substituted and succeeds to the same but no greater rights. In other words, he cannot acquire a right which the subrogor did not have.

Thus, AHCCCS can have no greater rights than Farmer has. Because an injured party in Arizona does not have a direct cause of action against the tortfeasor's insurer, AHCCCS, as Farmer's subrogee, has no direct cause of action against Nationwide. Its only recourse is against Farmer who received $15,000 from Nationwide in settlement of his claim and failed to repay AHCCCS according to his agreement.

AHCCCS contends that *In re Yakel,* 97 B.R. 580 (D.Ariz.1989) requires a different result. We disagree. That case involved an attempt by AHCCCS to recover funds held by the Yakels' attorney in settlement of their claims against a third-party tortfeasor. The court ruled that when the Yakels sued, they also, by virtue of AHCCCS's subrogation rights, brought suit on behalf of AHCCCS so that the Yakels held the funds in constructive trust for AHCCCS's benefit. In its ruling, the court noted that A.R.S. § 12–962 provides AHCCCS three alternative methods for recovery of its expenditures. That case is not relevant to the issue before us.

## ASSIGNMENT

■ Finally, AHCCCS argues that it is entitled to recover from Nationwide because of its assignment pursuant to A.R.S. § 36–2903(G). That section, however, governs the coordination of medical and disability insurance benefits. It does not cover the assignment of a liability claim and does not assist AHCCCS in its attempt to recover from Nationwide. *Corella v. Superior Court,* 144 Ariz. 418, 698 P.2d 213 (App.1985).

## ATTORNEY'S FEE AWARD

■ AHCCCS also contends that the court erred in awarding Nationwide attorney's fees pursuant to A.R.S. § 12–348, arguing that attorney's fees cannot be awarded against the state in foreclosure proceedings. A.R.S. § 12–348(A) provides:

In addition to any costs which are awarded as prescribed by statute, a court shall award fees and other expenses to any party ... which prevails by an adjudication on the merits in any of the following:

1. A civil action brought by the state ... against the party.

An exception to the right to recover fees is found in § 12–348(H)(4), which provides that a party cannot recover in "proceedings involving eminent domain, foreclosure, collection of judgment debts or proceedings in which the state ... is a nominal party."

AHCCCS sued Nationwide on two counts, one of which was a count to enforce its statutory lien. Although we have concluded that AHCCCS has no statutory lien against Nationwide, that does not change the fact that its suit was one to enforce a lien. If a party who successfully proves

that a contract did not exist is entitled to an award of attorney's fees pursuant to A.R.S. § 12–341.01(A) on the theory that the action is still one arising out of contract, *Lacer v. Navajo County*, 141 Ariz. 392, 687 P.2d 400 (App.1984), then logic compels us to conclude that proving the absence of a lien does not change the theory of a suit brought to enforce a lien. Thus, Nationwide is precluded from obtaining an award of attorney's fees because of the exception in § 12–348(H)(4).

The summary judgment is affirmed, and the attorney's fee award is reversed.

ROLL, P.J., and LACAGNINA, J., concur.