SUPREME COURT OF ARIZONA
En Banc

| | |
|---|---|
| THOMAS E. BLANKENBAKER, D.C., dba VAX-D MEDICAL CENTERS, an Arizona sole proprietorship, ) ) ) | Arizona Supreme Court No. CV-02-0340-PR |
| ) | Court of Appeals |
| Plaintiff- ) Counterdefendant, Appellant, ) | Division One No. 1 CA-CV 01-0379 |
| ) | |
| v. ) | Maricopa County Superior |
| ) | Court |
| TOMMY JONOVICH, an individual, ) | No. CV 01-090180 |
| ) | |
| Defendant- ) Counterclaimant, Appellee. ) | **O P I N I O N** |
| ) | |
| _____ ) | |

Appeal from the Superior Court of Maricopa County
The Honorable Robert D. Myers, Judge

**AFFIRMED IN PART, REVERSED IN PART, REMANDED**

---

Opinion of the Court of Appeals, Division One
203 Ariz. 226, 52 P.2d 795

**VACATED**

---

Sanders & Parks, P.C.                                          Phoenix
     By  Rick N. Bryson
         Brett M. Hager
Attorneys for Defendant-Counterclaimant, Appellee

Thomas E. Blankenbaker, D.C.                                      Mesa
     *In propria persona*
Plaintiff-Counterdefendant, Appellant

Law Offices of Raymond J. Slomski, P.C.                        Phoenix
     By Amy G. Langerman
Attorneys for *Amicus Curiae* Arizona Trial Lawyers Association

Humphrey Law Firm, P.C.                                    Tucson
     By Andrew J. Peterson
        Marshall Humphrey, III
        Ryan S. Andrus
Attorneys for *Amicus Curiae* Arizona Association of Defense
Counsel

The Cavanagh Law Firm                                     Phoenix
     By Joel DeCiancio
        Christopher Robbins
Attorneys for *Amicus Curiae* State Farm Mutual Automobile
Insurance Company

═══════════════════════════════════════════════════════════

**H U R W I T Z**, Justice

¶1        We granted review to determine whether the failure to perfect a health care provider lien pursuant to Arizona Revised Statutes ("A.R.S.") section 33-932 (2000) bars an action to enforce the lien against a patient who has notice of the provider's claim.  The court of appeals held that the failure to follow the statutory perfection procedures did not affect the enforceability of a health care provider lien against a patient, but rather was relevant only to priority among multiple lienholders.  We today hold that A.R.S. § 33-934 (2000) allows an action to enforce a health care provider lien only against those liable to an injured person, not against the injured person.  We further hold that A.R.S. § 33-934 requires, as a prerequisite to such an enforcement action, that the lien be perfected in accordance with A.R.S. § 33-932.

**I.**

¶2      Petitioner Tommy Jonovich was injured in an automobile accident.  In August 1998, he was referred to Thomas E. Blankenbaker, D.C., by a chiropractor who had previously treated him unsuccessfully for injuries arising out of the accident.

¶3      Shortly after being referred to Dr. Blankenbaker, Jonovich and the attorney representing him in the automobile accident claim signed a form provided by Dr. Blankenbaker entitled "Medical Records and Doctor's Lien" (hereafter referred to as the "Agreement").[1]  In the Agreement, Jonovich directed his

---

[1]      The Agreement provides, in relevant part:

I do hereby authorize Thomas E. Blankenbaker, D.C. to furnish you, my attorney, with a full report of his examination, diagnosis, treatment, prognosis, etc., of myself in regard to the accident in which I was involved.

I hereby authorize and direct you, my attorney, to pay directly to said doctor such sums as may be due and owing him for medical service rendered me both by reason of this office and to withhold such sums from any settlement, judgment, or verdict as may be necessary to adequately protect said doctor.  And I hereby further give a lien on my case to said doctor against any and all proceeds of my settlement, judgment or verdict which may be paid to you, my attorney, or myself as the result of the injuries for therewith.

I fully understand that I am directly and fully responsible to said doctor for all medical bills submitted by him for services rendered to me and that this agreement is made solely for said doctor's additional protection and in consideration of his awaiting payment.  And I further understand that such

attorney to pay Dr. Blankenbaker "such sums as may be due and owing him for medical service rendered me . . . and to withhold such sums from any settlement, judgment, or verdict as may be necessary and adequate to protect said doctor." The attorney in turn agreed to "withhold such sums form [sic] any settlement, judgment, or verdict as may be necessary to adequately protect" Dr. Blankenbaker. Jonovich also agreed to "give a lien on my case to said doctor against any and all proceeds of my settlement." The Agreement acknowledged that Jonovich was "directly and fully responsible to said doctor for all medical bills submitted by him for services rendered to me and that this agreement is made solely for said doctor's additional protection and in consideration of his awaiting payment" and that "such payment is not contingent on any settlement, judgment, or verdict by which I may eventually recover said fee."

¶4      After Jonovich settled his tort claim, Dr. Blankenbaker demanded payment of $4,161.82. Jonovich disputed

_____

payment is not contingent on any settlement, judgment, or verdict by which I may eventually recover said fee.

Dated:_____ Patient Signature _____

The undersigned being attorney of record for the above and agrees to withhold such sums form [sic] any settlement, judgment, or verdict as may be necessary to adequately protect said doctor named above.

Dated:_____ Attorney Signature _____

both the debt and the claimed amount. Dr. Blankenbaker then filed a complaint in justice court. The one-sentence statement of the claim in the complaint was simply that Jonovich "has failed to pay his medical bills"; the complaint sought judgment in the claimed amount. Jonovich answered, denying any liability, and also filed a counterclaim seeking a declaratory judgment that the Agreement was unenforceable because Dr. Blankenbaker had not complied with the perfection provisions of the health care provider lien statutes, A.R.S. §§ 33-931 to -936 (2000). Lacking jurisdiction to issue declaratory judgments, the justice court transferred the action to superior court.

¶5     Jonovich moved for partial summary judgment in the superior court as to the validity of the Agreement. In response, Dr. Blankenbaker contended that the Agreement was not intended to be a statutory health care provider lien, but rather only an "attorney guarantee contract," under which he could recover his medical fees in an action against his patient.

¶6     The superior court granted Jonovich's motion and entered judgment pursuant to Arizona Rule of Civil Procedure 54(b) declaring that the "Medical Records and Doctor's Lien dated September 1, 1998 and September 8, 1998 is invalid, of no effect, and unenforceable as a matter of law." The superior court also awarded attorneys' fees to Jonovich under A.R.S. §

5

12-341.01(A) (Supp. 2001).[2] The court of appeals reversed, holding that an unperfected health care provider lien is valid against a patient who has actual notice of the lien's existence and amount. *Blankenbaker v. Jonovich*, 203 Ariz. 226, 227 ¶ 1, 52 P.3d 795, 796 (App. 2002).

¶7 We granted the petition for review because the proper interpretation of the health care provider lien statutes is a matter of statewide importance.[3] We have jurisdiction pursuant to Article 6, Section 5(3) of the Arizona Constitution, Arizona Rule of Civil Appellate Procedure 23, and A.R.S. § 12-120.24 (2003). Because this case turns on the interpretation of a statute, we review the court of appeals' decision *de novo*. *See Canon Sch. Dist. No. 50 v. W.E.S. Constr. Co.*, 177 Ariz. 526, 529, 869 P.2d 500, 503 (1994).

---

[2] The superior court also awarded double costs to Jonovich under Arizona Rule of Civil Procedure 68(d), despite the fact that its partial summary judgment did not entirely dispose of Dr. Blankenbaker's claim against Jonovich.

[3] We have received briefs *amicus curiae* from the Arizona Trial Lawyers Association, the Arizona Association of Defense Counsel, and State Farm Mutual Automobile Insurance Company, urging reversal of the court of appeals' opinion. Each *amicus* argues that the issue presented by this case, and the proper interpretation of the health care provider lien statutes in general, has important implications for the settlement of personal injury cases and the disbursement of the resultant proceeds.

¶8    Arizona's statutory scheme for health care provider liens is set forth in A.R.S. §§ 33-931 through -936.  The starting point is A.R.S. § 33-931(A), which provides, in relevant part, that

> [e]very individual . . . maintaining and operating a health care institution or providing health care services in this state . . . is entitled to a lien for the customary charges for care and treatment or transportation of an injured person, on all claims of liability or indemnity . . . accruing to the person to whom the services are rendered, or to that person's legal representative, on account of the injuries that gave rise to the claims and that required the services.

¶9    Arizona Revised Statutes § 33-932 governs perfection of the lien and requires that "[i]n order to perfect a lien granted by § 33-931," the health care provider must record a verified statement with the county recorder in the county where the provider is located.  A.R.S. § 33-932.  This statement must detail, inter alia, the dates of services received, the amounts claimed for those services, and the names and addresses of all persons or insurers claimed to be liable for the injuries necessitating the health care. *Id.* The filing must occur within thirty days after the patient has received the services, and must be served on all persons and insurers named in the statement.  If the statement indicates that the patient's

7

treatment will be continued, "[b]ills incurred during the continued period are also subject to the lien." *Id.*

¶10        It is uncontested in this case that Dr. Blankenbaker never recorded the required statement in the office of the Maricopa County Recorder.  The issues before us are whether that failure to record affects the existence of a statutory lien and, if such a lien exists, whether Dr. Blankenbaker may enforce the lien against Jonovich.

## III.

¶11        The court of appeals concluded that an unperfected health care provider lien is valid and enforceable against a patient with actual notice of the lien.  In so holding, the court relied heavily on its prior opinion in *Andrews v. Samaritan Health System*, 201 Ariz. 379, 36 P.3d 57 (App. 2001).

¶12        In *Andrews*, patients who had received treatment at various hospitals brought a class action against the hospitals for a declaratory judgment that the medical liens asserted against their claims were invalid because the hospitals failed to perfect the liens in the thirty-day period set forth in A.R.S. § 33-932.  The court of appeals affirmed a summary judgment in favor of the hospitals.  Its opinion relied primarily on A.R.S. § 33-931(A), which states that a health care provider "is entitled to a lien," and § 33-932, which refers to the "lien granted by § 33-931."  *See Andrews*, 201 Ariz. at 383 ¶

8

13, 36 P.3d at 61. This language led the court of appeals to conclude that once the relevant care is provided, no further action by the health care provider is necessary to create the lien. *Id.* at 383 ¶ 14, 36 P.3d at 61 ("We hold that a medical lien is automatically granted by A.R.S. § 33-931 upon the care and treatment of a person injured by the negligence of a third party.").

¶13 *Andrews* further concluded that any delay by the hospitals in recording the liens did not affect the hospitals' rights to enforce the liens against the patients. Rather, *Andrews* held that the recording provisions of A.R.S. § 33-932 were designed "to give notice of medical lien rights and to determine priority among medical liens." *Andrews*, 201 Ariz. at 386 ¶ 33, 36 P.3d at 65. Because there were no competing creditors in *Andrews,* and any recovery from the patients' personal injury claims would therefore either go "to the plaintiffs or the hospitals," the court of appeals concluded that the patients, who had actual notice of the hospitals' charges, were not prejudiced by the untimely perfection. *Id*. at 386-87 ¶¶ 36-37, 36 P.3d at 65-66.

¶14 The holding in *Andrews* that a medical lien arises when treatment is provided is consistent with the language of A.R.S. §§ 33-931 and -932 and with decisions in other jurisdictions interpreting similar health care provider lien statutes. *See*

9

*Andrews*, 201 Ariz. at 383 ¶ 13, 36 P.3d at 61 (citing cases); *see also* A.R.S. § 33-934 (referring to a lien "given by § 33-931"). But even if §§ 33-931 and -932 dictate *when* the lien arises, they do not address what is required to *enforce* the lien. Nor do these two statutory provisions determine *against whom* a lien may be enforced.

¶15    These issues are addressed, however, in another portion of the health care provider lien statutes, A.R.S. § 33-934. Section 33-934, which was not discussed either in *Andrews* or the opinion below, provides, in relevant part, that

> [i]f any amount has been or is to be collected by the injured person or that person's legal representative from or on account of the person, firm or corporation liable for damages by reason of a judgment, settlement or compromise, the claimant or assignee of the lien or assignment may enforce the lien or assignment by action *against the person, firm, or corporation liable for damages*. This action shall be commenced and tried *in the county in which the lien or assignment is filed*, unless ordered by the court to be removed to another county for cause.

(Emphasis added.)

¶16    The section heading to A.R.S. § 33-934 indicates that the statute governs an "action to enforce [a health care provider] lien." *See Florez v. Sargeant*, 185 Ariz. 521, 524, 917 P.2d 250, 253 (1996) (while section headings are not law, they may be of use in interpreting statute). Consistent with its title, § 33-934 sets forth the requirements for an enforcement action. It provides expressly that such an action

10

must be brought "*in the county in which the lien or assignment is filed.*" A.R.S. § 33-934 (emphasis added). Implicit in this condition is a requirement that the lien be filed with a county recorder pursuant to the perfection provisions of A.R.S. § 33-932. Any other interpretation of § 33-934 would effectively read the relevant language out of the statute. *See Champlin v. Sargeant in and for County of Maricopa*, 192 Ariz. 371, 374 ¶ 16, 965 P.2d 763, 766 (1998) (interpreting statutory language requires that the court give meaning "to each word, phrase, clause, and sentence within a statute so that no part will be superfluous, void, contradictory or insignificant"); *see also* 53 C.J.S. *Liens* § 31 (1987) (when a statutory remedy is pursued, all of the provisions of the statute must be strictly complied with as to the form, time, and manner of the lien's enforcement) (citing cases).[4]

¶17 Moreover, § 33-934 expressly delineates the parties against whom an enforcement action may be brought: "the claimant or assignee of the lien or assignment may enforce the

_____

[4] While it is possible at first blush to read the relevant language in A.R.S. § 33-934 as simply a venue provision, such an interpretation would lead to an anomalous result. The venue provision would apply only to those who followed the statutory perfection requirement of § 33-932; those who failed to do so would not be limited to the county of recording in filing their suit. *See Mail Boxes, etc., U.S.A. v. Indus. Comm'n of Ariz.*, 181 Ariz. 119, 122, 888 P.2d 777, 780 (1995) (courts should interpret statutes so as to avoid absurd results).

11

lien or assignment by action *against the person, firm, or corporation liable for damages*." (Emphasis added.) The legislature thus did not make the lien enforceable against an "injured person" (a term used elsewhere in § 33-934), but rather only against those "liable for damages" on the patient's underlying damages claim.[5] *See Hosp. Auth. of the City of Augusta v. Boyd*, 101 S.E.2d 207, 210 (Ga. Ct. App. 1957) (holding that a medical lien statute providing that the lienholder "may enforce said lien by an action against the person, firm, or corporation liable for such damages," gave no right of action to proceed against the patient to whom services were rendered "but only against those liable to pay the patient damages").

¶18    In short, the statute governing enforcement of the lien provides for an action only against those "liable for damages," and only after the lien is "filed" in the county where suit is to be brought. In the case at hand, Dr. Blankenbaker brought suit only against the "injured person" — Jonovich — not against those liable for Jonovich's claimed damages. And since

---

[5]    Of course, a health care provider must establish the patient's underlying obligation in order to collect on its lien. *See Matlow v. Matlow,* 89 Ariz. 293, 298, 361 P.2d 648, 651 (1961) ("In the absence of an obligation to be secured there can be no lien."). Thus, in those cases in which the patient disputes his obligation to pay the provider, one seeking to foreclose a lien may also have to proceed against the patient to establish the existence and amount of any obligation.

12

Dr. Blankenbaker never filed the statement of claim required by A.R.S. § 33-932, the suit was plainly not brought in the county in which a lien was "filed."[6]  It therefore follows that the court of appeals erred in concluding that Dr. Blankenbaker could enforce a health care provider lien against Jonovich in this action.[7]  When, as here, a statute "creates a right and also provides a complete and valid remedy for the right created, the remedy thereby given is exclusive."  *See Valley Drive-In Theatre Corp. v. Superior Court*, 79 Ariz. 396, 400, 291 P.2d 213, 215 (1955); *see also Nationwide Mut. Ins. Co. v. Arizona Health Care Cost Containment Sys.*, 166 Ariz. 514, 517, 803 P.2d 925, 928 (App. 1990) ("Although Arizona lien statutes are remedial and are to be liberally construed, their provisions must be strictly followed."); *HCZ Constr., Inc. v. First Franklin Fin. Corp.*, 199 Ariz. 361, 18 P.3d 155 (App. 2001) (mechanics' lien statutes, which create a right not existing at common law, must be strictly complied with).

---

[6]  Because Dr. Blankenbaker never recorded a lien, we do not today face the issue of whether "substantial compliance" with the perfection statute is sufficient to allow enforcement of a health care provider's lien.  *See Andrews,* 201 Ariz. at 386 ¶ 35, 36 P.3d at 64.

[7]  We also disapprove of *Andrews* to the extent that it holds that a health care provider may enforce its lien directly against the injured patient.

¶19    While we base our decision today on the language of A.R.S. § 33-934, we also note that our holding is quite consistent with the underlying purpose of the health care provider lien statutes, which are designed to "lessen the burden on hospitals and other medical providers imposed by non-paying accident cases." *LaBombard v. Samaritan Health Servs.*, 195 Ariz. 543, 548 ¶ 18, 991 P.2d 246, 251 (App. 1998) (internal citation omitted). The statutes do this by affording providers a remedy not available in the common law — a lien against "all claims of liability or indemnity." The provider can always proceed, even in the absence of a lien, against the patient for the value of the services rendered. *See Johnson v. Health Care Auth. of the City of Huntsville*, 660 So. 2d 1017, 1019 (Ala. Ct. Civ. App. 1995) (hospital may sue for recovery of medical fees in a direct contract action against patient in absence of valid statutory medical lien); *cf. Palmer v. Apperson*, 70 Ariz. 35, 40, 215 P.2d 1020, 1023 (1950) (materialman may pursue property owner in contract action notwithstanding lack of statutory lien). Thus, there was no pressing need for the legislature to provide for a statutory lien to be enforced against the patient.[8]

---

[8]    Our legislature did not provide that the lien is against either the proceeds of the patient's claim or against the "recovery," but rather simply against the "claim" itself. *Compare* A.R.S. § 33-931(A) *with, e.g.,* Iowa Code § 582.1 (1992)

¶20      Moreover, as a practical matter, the remedy bestowed on a provider under our statutes makes unnecessary any extension of the lien to the patient. Under A.R.S. § 33-934, the lien extends to any amount that "has been or is to be collected by the injured person." Thus, as long as a lien has been appropriately recorded, the "person, firm or corporation liable for damages by reason of judgment, settlement or compromise" can be pursued for the charges, even if the liable person has already transferred funds to the injured person in derogation of the lien. A.R.S. § 33-934. Those liable to the injured person are protected by the recording requirements of A.R.S. § 33-932; under that statute, they will either have actual notice of a lien because they have been mailed a copy of the statement of claim, or constructive notice by virtue of the filing in the office of the county recorder. *See* A.R.S. § 33-932 (requiring for all providers other than hospitals that a copy of the statement of claim be sent by certified mail to all those "claimed by the injured person . . . to be liable for damages," and providing that a recording of a lien by a hospital "shall be notice to all . . . liable for damages, whether or not they are named in the claim or lien").

---

(lien on "any recovery or sum had or collected or to be collected by . . . patient"), *and* Okla. Stat. tit. 42, § 43 (2001) (lien on "any recovery or sum had or collected or to be collected by . . . patient").

15

## V.

¶21    The superior court therefore correctly held that the Agreement at issue in this case did not create a statutory health care provider lien enforceable against Jonovich. However, the judgment of the superior court also broadly declared that the "Medical Records and Doctor's Lien dated September 1, 1998 and September 8, 1998 is invalid, of no effect, and unenforceable as a matter of law." To the extent that this declaratory judgment held the Agreement invalid as a contract between Dr. Blankenbaker, Jonovich, and Jonovich's attorney, we find no support for such a conclusion in the health care provider lien statutes.

¶22    As we have emphasized above, the lien statutes extend to health care providers a remedy not available under the common law — the ability to enforce a lien against those liable to the patient for damages in order to secure the providers' customary charges for care and treatment of an injured person. But nothing in the statutes suggests that the legislature thereby intended to restrict any remedy that the provider might have directly against the patient. *See generally Marana Unified Sch. Dist. No. 6 v. Aetna Cas. & Sur. Co.*, 144 Ariz. 159, 162, 696 P.2d 711, 714 (App. 1984) (long-standing common law remedies are not abrogated by statutes unless legislature expresses clear intention to do so). Nor is there anything in the lien statutes

16

suggesting that the legislature thereby intended to restrict a provider's ability to enter into contracts with a patient under which either the patient or someone other than those "liable for damages" — such as a lawyer representing the patient — provides for guarantees or other security with respect to payment of the providers' claims. To the extent that the declaratory judgment in the superior court held that the Agreement here was invalid simply because it did not create a statutory lien, that judgment was in error.[9]

## VI.

¶23     For the foregoing reasons, we vacate the opinion of the court of appeals. We affirm the judgment of the superior court insofar as it declared that Dr. Blankenbaker does not have an enforceable statutory health care provider lien against Jonovich. We reverse the judgment of the superior court to the extent that it held the Agreement invalid and unenforceable on other grounds, and to the extent that it awarded attorneys' fees and costs to Jonovich. Because Jonovich is not the prevailing party in this Court, we deny his request for attorneys' fees.

---

[9]     Jonovich does not argue that the Agreement or any of its provisions are invalid or unenforceable for any other reason. Neither did Dr. Blankenbaker's complaint seek to enforce the Agreement against Jonovich's attorney, nor seek to enforce a lien or security interest against the proceeds of the settlement in the hands of the attorney or Jonovich.

17

This case is remanded to the superior court for further proceedings consistent with this opinion.

_____
Andrew D. Hurwitz, Justice

CONCURRING:

_____
Charles E. Jones, Chief Justice

_____
Ruth V. McGregor, Vice Chief Justice

_____
Rebecca White Berch, Justice

_____
Michael D. Ryan, Justice