75 P.3d 714

**MARICOPA COUNTY, a political sub-division of the State of Arizona, Plaintiff–Appellant,**

v.

**Allan BARFIELD and Jane Doe Barfield, husband and wife; Meyer and Williams, P.C., an Arizona professional corporation; Reliance Insurance Company, a foreign corporation, Defendants–Appellees.**

**No. 1 CA–CV 01–0438.**

Court of Appeals of Arizona, Division 1, Department C.

Aug. 26, 2003.

As Amended Sept. 5, 2003.

---

**16.** Because we reverse Huerstel's convictions, we also decline to address any sentencing issues.
* Justice Andrew D. Hurwitz recused himself from this case. Judge Cecil B. Patterson, Jr., of the Arizona Court of Appeals, Division One, was designated to sit in his place pursuant to Article 6, Section 3, of the Arizona Constitution.

**110**

Richard M. Romley, Maricopa County Attorney By Richard A. Stewart, Deputy County Attorney, Susan L. Hable, Deputy County Attorney, Phoenix, Attorneys for Plaintiff–Appellant.

Gust Rosenfeld P.L.C By Charles W. Wirken, Phoenix, Attorneys for Defendants–Appellees Barfield.

Broening Oberg Woods Wilson & Cass By James R. Broening, Elizabeth J. Anthens, Phoenix, Attorneys for Defendant–Appellee Meyer & Williams, P.C.

Leonard, Collins & Gillespie, P.C. By Jeffrey S. Leonard, Phoenix, Attorneys for Defendant–Appellee Reliance Insurance.

<hr />

1. Although the County filed its lien before the legislature amended A.R.S. §§ 33–931, –934 in 1999, *see* 1999 Ariz. Sess. Laws, ch. 309 §§ 5–7, we cite the current version of the statutes because the changes to the provisions do not involve the issues before us.

2. Section 33–931(B), A.R.S., provides that a county that maintains, operates or provides health care services is entitled to "an assignment

## OPINION

TIMMER, Presiding Judge.

¶ 1 Recently, our supreme court held that Arizona Revised Statutes ("A.R.S.") section 33–934 (2000) authorizes a health care provider to enforce its lien "only against those liable to an injured person." *Blankenbaker v. Jonovich*, 205 Ariz. 383, 71 P.3d 910 at ¶ 1 (2003). The court additionally determined that § 33–934 identifies the only parties subject to lien enforcement actions. *Id.* at ¶ 17. In this appeal, we decide whether a tortfeasor's insurer is one "liable to an injured person," thereby permitting a health care provider to enforce its lien against that insurer. We hold that an insurer does not fall within this category, and a health care provider therefore cannot enforce its lien against a tortfeasor's insurer.

## BACKGROUND

¶ 2 In 1995, Bradley Jenkins was severely burned in an explosion at a refinery owned by National Petroleum Marketing, Inc. ("NPM"). He was treated for approximately three months at the Maricopa Medical Center, a facility owned and operated by Maricopa County, incurring $590,682.70 in medical charges. Pursuant to A.R.S. § 33–931(A) (2000),[1] at the time Maricopa Medical Center treated Jenkins, Maricopa County simultaneously obtained a lien for the customary charges of such treatment. *Blankenbaker*, 205 Ariz. 383, 71 P.3d 910 at ¶ 14 (agreeing that medical lien under § 33–931 arises when treatment provided); *Andrews v. Samaritan Health Sys.*, 201 Ariz. 379, 383, ¶ 14, 36 P.3d 57, 61 (App.2001). The lien applied to "all claims of liability or indemnity ... for damages accruing" to Jenkins as a result of his injuries. A.R.S. § 33–931(A).[2]

¶ 3 In January 1996, attorney Allan Barfield and the law firm of Meyer & Williams,

by operation of law for customary charges for care and treatment or transportation of an injured person on any claims of liability or indemnity, except health insurance for damages accruing" to the injured person as a result of his or her injuries. Maricopa County did not assert any rights stemming from this provision, and we do not address it further.

P.C., filed a tort action on behalf of Jenkins and his wife (collectively, "Jenkins") against NPM, its president, John Knight, and his wife, and Knight Equipment Manufacturing Corp., the designer/manufacturer of equipment involved in the explosion.

¶ 4 On July 30, 1998, pursuant to A.R.S. § 33–932, Maricopa County recorded a health care provider lien for the full amount of Jenkins's medical charges. The following October, Jenkins dismissed his lawsuit in exchange for approximately three million dollars paid by NPM's insurer, Reliance Insurance Company.

¶ 5 In April 1999, Maricopa County filed this lawsuit against Jenkins, Barfield, Meyers & Williams, NPM, the Knights, Knight Equipment, and Reliance seeking in relevant part to both enforce the medical lien and recover monies pursuant to the Medical Care Cost Recovery Act, A.R.S. § 12–962 (2003).[3] Maricopa County later dropped its claims against NPM, the Knights, and Knight Equipment. On cross-motions for summary judgment, the trial court ruled that the County was entitled to judgment against Jenkins pursuant to A.R.S. § 12–962, but that Maricopa County could not enforce its lien against the remaining defendants because A.R.S. § 33–934 (2000) provides that such liens may be enforced against "the person, firm or corporation liable for damages." [4] Because these defendants were not liable to Jenkins for damages, the court concluded the County's lien was unenforceable against these parties. After entry of judgment, Maricopa County appealed from that portion of the judgment dismissing the County's lien enforcement claim.[5]

## STANDARD OF REVIEW

¶ 6 We review de novo the trial court's grant of summary judgment, viewing the evidence in the light most favorable to Maricopa County as the non-prevailing party. *Romley v. Arpaio*, 202 Ariz. 47, 51, ¶ 12, 40 P.3d 831, 835 (App.2002). Likewise, we review issues of statutory interpretation de novo. *Andrews*, 201 Ariz. at 382, ¶ 8, 36 P.3d at 60.

## DISCUSSION

¶ 7 Although the parties raise multiple issues, one is dispositive: Did the trial court correctly rule that A.R.S. § 33–934 precludes enforcement of Maricopa County's lien against Barfield, Meyer & Williams, P.C., and Reliance?

¶ 8 Maricopa County argues the trial court erred in its ruling because A.R.S. § 33–934 does not provide the exclusive mechanism for lien enforcement. Specifically, the County contends that because § 33–934 provides that a lienholder "may" enforce its lien against parties liable for damages, this statute grants non-exclusive lien enforcement rights. *See Walter v. Wilkinson*, 198 Ariz. 431, 432, ¶ 7, 10 P.3d 1218, 1219 (App.2000) (holding use of word "may" generally indicates permissive rather than mandatory intent). According to the County, § 33–931 implicitly authorizes a lienholder to enforce its lien against persons or entities holding proceeds resulting from settlement or disposition of a tort claim. Because the defendants in this case held proceeds stemming from the settlement of Jenkins's lawsuit, the County asserts it could enforce its lien against these parties.

■ ¶ 9 Our supreme court recently rejected the County's argument in *Blanken-*

---

3. The County also sued Knight Equipment's insurer, Alpine Insurance Company, but the record does not reflect that the County served Alpine with the complaint. Alpine never appeared in the lawsuit.

4. Section 33–934 provides, in pertinent part, as follows:

A release of claims on which a lien or assignment is given by § 33–931 or of any judgment on that claim is not valid or effectual against the lien or assignment unless the lienholder or assignee joins in the release or executes a release of the lien or assignment. If any

amount has been or is to be collected by the injured person or that person's legal representative from or on account of the person, firm or corporation liable for damages by reason of a judgment, settlement or compromise, the claimant or assignee of the lien or assignment may enforce the lien or assignment by action against the person, firm or corporation liable for damages.

5. Jenkins appealed from the judgment against him, but later dismissed the appeal after settling the dispute with Maricopa County.

*baker*, 205 Ariz. 383, 71 P.3d 910 at ¶ 17. In that case, the court reviewed Arizona's statutory scheme for health care provider liens and decided that such liens may not be enforced against patients. *Id.* In reaching that conclusion, the court reasoned that although A.R.S. §§ 33–931 and –932 dictate when a lien arises, these provisions do not identify the parties against whom the lien may be enforced. *Id.* at ¶ 14. Rather, " § 33–934 expressly delineates the parties against whom an enforcement action may be brought: 'the claimant or assignee of the lien or assignment may enforce the lien or assignment by action *against the person, firm, or corporation liable for damages.*'" *Id.* at ¶ 17. The court further decided the lien attaches solely to "claims" of liability or indemnity rather than any proceeds emanating from these claims. *Id.* at ¶ 19, n. 8 (citation omitted). Thus, a health care provider lien can only be enforced against parties liable for damages as a result of a patient's injuries and cannot be enforced against persons or entities holding settlement or judgment proceeds paid by or on behalf of the tortfeasors. *Id.*

 ¶ 10 Barfield and Meyers & Williams, as Jenkins's attorneys, were clearly not liable for Jenkins's damages. As a result, the trial court correctly ruled that Maricopa County could not enforce its lien against these parties. A.R.S. § 33–934; *Blankenbaker*, 205 Ariz. 383, 71 P.3d 910 at ¶ 17. Whether the court properly ruled that the County cannot enforce its lien against Reliance is a closer question.

¶ 11 The legislature amended § 33–931 in 1988 by altering the previously granted "hospital lien" to provide that all health care institutions and health care service providers are entitled to a lien for care, treatment and transportation of injured persons. A.R.S. § 33–931 (Historical and Statutory Notes). The amended version of the statute also authorized liens for "claims of liability or indemnity except health insurance for damages accruing" to the injured person, in substitution of language authorizing liens for "claims

for damages accruing" to the injured person. *Id.* Contemporaneously, the legislature amended § 33–932 to require a provider who perfects a lien to mail a copy to insurance carriers for each party claimed to be liable for damages. A.R.S. § 33–932 (Historical and Statutory Notes). Although the legislative history for these statutes does not state the reason for these changes, this court previously noted that the amendments reflect the legislature's intent that a lienholder may enforce its lien against indemnitors. *Nationwide Mut. Ins. Co. v. Arizona Health Care Cost Containment Sys.*, 166 Ariz. 514, 516, 803 P.2d 925, 927 (App.1990) (construing similar scheme for creation and enforcement of liens for Arizona Health Care Cost Containment System ("AHCCCS")). The court's decision in *Blankenbaker*, however, compels a different conclusion.

¶ 12 When the legislature amended §§ 33–931 and –932 in 1988, it did not amend § 33–934 to authorize a lienholder to enforce its lien against an indemnitor. A.R.S. § 33–934 (Historical and Statutory Notes). Instead, the legislature left in place language permitting a lienholder to enforce the lien "against the person, firm or corporation liable for damages," even though the statute states, in part, that the lien may be enforced when money "has been or is to be collected by the injured person ... on account of" the parties liable for damages.[6] *Id.* Consequently, under this provision, a lien may only be enforced against an indemnitor if that party is "liable for damages." *Id.*

 ¶ 13 Arizona follows the general rule that, in the absence of a contractual or statutory provision to the contrary, "an injured person has no direct cause of action against a tortfeasor's insurance company." *Nationwide*, 166 Ariz. at 517, 803 P.2d at 928 (citing E.H. Schopler, Annotation, *Conflict of Laws as to Right of Injured Person to Maintain Direct Action Against Tortfeasor's Automobile Liability Insurer*, 16 A.L.R.2d 881 (1951)); 7 Lee R. Russ & Thomas F. Segalla, *Couch on Insurance* § 104:2 (3d ed.1999) (noting there generally is no common law

---

**6.** In 1999, the legislature again amended § 33–934, but left in place the language permitting a lienholder or assignee to enforce the lien

"against the person, firm or corporation liable for damages." A.R.S. § 33–934 (Historical and Statutory Notes).

right of direct action). Arizona has not enacted such a statute, and the record does not reflect that NPM's insurance policy with Reliance granted such a right. Thus, Reliance, as NPM's insurer, is not liable to Jenkins for damages, and Maricopa County is therefore not entitled to enforce its lien against Reliance under § 33–934.[7] *See Nationwide,* 166 Ariz. at 516–17, 803 P.2d at 927–28 (holding A.R.S. § 36–2916(B), which is substantively identical to § 33–934, does not authorize AHCCCS to enforce lien against third-party tortfeasor's insurer); *West Nebraska Gen. Hosp. v. Farmers Ins. Exch.,* 239 Neb. 281, 475 N.W.2d 901, 906 (1991) (holding hospital could not enforce lien directly against tortfeasor's insurer because patient had no right to directly sue insurer). Because § 33–934 delineates the only parties against whom a lien can be enforced, *Blankenbaker,* 205 Ariz. 383, 71 P.3d 910 at ¶ 17, the trial court correctly granted summary judgment in favor of Reliance.

¶ 14 In light of our decision, we need not address the remaining issues presented by this appeal.

### CONCLUSION

¶ 15 We hold that a health care provider may not enforce a lien arising under A.R.S. § 33–931 against the insurer for a third-party tortfeasor liable to the patient for his injuries. Therefore, and for additional reasons set forth herein, the trial court correctly granted summary judgment in favor of defendants on Maricopa County's lien enforcement claim. We affirm.

CONCURRING: JEFFERSON L. LANKFORD and SUSAN A. EHRLICH, Judges.

---

**7.** This holding obviously does not preclude any ability of the County to enforce its lien against NPM, obtain a judgment and then institute a garnishment action against Reliance to collect that judgment. *See Sandoval v. Chenoweth,* 102 Ariz. 241, 245, 428 P.2d 98, 102 (1967) ("It

seems to be settled that after recovering a judgment against an insured under a liability policy, the injured third person may collect such judgment by instituting garnishment proceedings against the liability insurer.").