Enoc C. AGUILERA;  Emma
F. Aguilera, Plaintiffs—
Appellants,

v.

AUTO–OWNERS INSURANCE COM-
PANY;  Truck Insurance Exchange,*
Defendants—Appellees.

No. 05–15899.

United States Court of Appeals,
Ninth Circuit.

Submitted Feb. 13, 2006.**

Decided Feb. 22, 2006.

---

* The Clerk is directed to amend the docket to reflect that Farmers Insurance Group is not a party to this appeal.

** The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

**794**

Enoc C. Aguilera, Phoenix, AZ, pro se.

Emma F. Aguilera, Modesto, CA, pro se.

Mary B. Wilson, Broening, Oberg & Woods, Phoenix, AZ, William H. Doyle, Esq., Doyle, Berman and Boyack, Las Vegas, NV, for Defendants–Appellees.

Before: FERNANDEZ, RYMER, and BYBEE, Circuit Judges.

### MEMORANDUM ***

Enoc C. Aguilera and Emma F. Aguilera appeal pro se from the district court's judgment dismissing their diversity action alleging breach of contract, negligence, breach of fiduciary duty, and fraud under Arizona law. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo a district court's dismissal for failure to state a claim, *Brunette v. Humane Soc. of Ventura County*, 294 F.3d 1205, 1209 (9th Cir.2002), and we review for abuse of discretion the denial of a motion to alter or amend the judgment, *Sch. Dist. No. 1J, Multnomah County, v. ACandS, Inc.*, 5 F.3d 1255, 1262 (9th Cir.1993). We affirm.

■ The district court properly held that the Aguileras failed to allege a breach of contract claim against Auto–Owners Insurance Company ("Auto–Owners"). Moreover, because the Aguileras were not a party to the insurance contract between Truck Insurance Exchange ("Truck") and the homeowners' association, the district court properly dismissed the Aguileras' breach of contract claim against Truck. *See Maricopa County v. Barfield*, 206 Ariz. 109, 75 P.3d 714, 717 (Ct.App.2003)

("in the absence of a contractual or statutory provision to the contrary, an injured person has no direct cause of action against a tortfeasor's insurance company") (internal quotation omitted).

■ Absent any showing that a contract existed between the Aguileras and defendants, the district court properly dismissed the Aguileras' breach of fiduciary duty claim. *See Ring v. State Farm Mut. Auto. Ins. Co.*, 147 Ariz. 32, 708 P.2d 457, 461 (Ct.App.1985) (holding that a fiduciary relationship is created by the insurance contract between the insured and the insurer and that a plaintiff who is a stranger to this relationship enjoys no benefits from it).

■ The district court properly dismissed the Aguileras' negligence claim because defendants owed no duty of care to the Aguileras. *See Ferguson v. Cash, Sullivan & Cross Ins. Agency, Inc.*, 171 Ariz. 381, 831 P.2d 380, 384 (Ct.App.1991).

■ The district court also properly dismissed the fraud claim because the Aguileras did not allege that defendants made a false statement. *See Haisch v. Allstate Ins. Co.*, 197 Ariz. 606, 5 P.3d 940, 944 (Ct.App.2000).

Finally, the district court did not abuse its discretion by denying the Aguileras' motion to alter or amend the judgment because they did not satisfy any of the grounds for that relief. *See ACandS, Inc.*, 5 F.3d at 1263.

The Aguileras' remaining contentions are unpersuasive.

We lack jurisdiction to review the district court's order awarding attorneys' fees to Truck. *See Culinary & Serv. Employ-*

---

*ees Local 555 v. Hawaii Employee Benefit Admin., Inc.,* 688 F.2d 1228, 1232 (9th Cir.1982) (finding no jurisdiction over post-judgment order awarding attorneys' fees where no separate notice of appeal filed). Accordingly, we deny the Aguileras' December 8, 2005 motion to vacate that order.

All remaining motions pending before this court are denied.

**AFFIRMED**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.