334 P.3d 1252

**MIDTOWN MEDICAL GROUP, INC.
dba Priority Medical Center,
Plaintiff/Appellant,**

v.

**FARMERS INSURANCE GROUP,
Defendant/Appellee.**

No. 1 CA–CV 13–0276.

Court of Appeals of Arizona,
Division 1.

July 15, 2014.

———

Law Office of Eleanor L. Miller, By Eleanor L. Miller, Phoenix, Counsel for Plaintiff/Appellant.

Kunz Plitt Hyland & Demlong, By William M. Demlong, Donald R. Kunz, Paige C. Pataky, Phoenix, Counsel for Defendant/Appellee.

Judge MAURICE PORTLEY delivered the Opinion of the Court, in which Presiding Judge DONN KESSLER and Judge PATRICIA K. NORRIS joined.

**OPINION**

PORTLEY, Judge.

¶ 1 Midtown Medical Group, doing business as Priority Medical Center ("PMC"), challenges the dismissal of its claims against Farmers Insurance Group ("Farmers") pursuant to Arizona Revised Statutes ("A.R.S.") section 33–934(A)[1] to recover the value of medical treatment provided and protected by perfected medical liens. Because the statute allows a health care provider with a perfected lien to recover the value of the medical treatment from the insurance company of the tortfeasor, we reverse the dismissal of PMC's claims to enforce its medical liens and re-

1. We cite the current version of statutes unless    otherwise noted.

mand the case.[2]

## FACTS AND PROCEDURAL HISTORY

¶ 2 PMC treated Shelby Davidson for injuries she suffered in a car accident caused by an individual insured by Farmers. Kimberly Willis, a Farmers' insured, was injured in a separate car accident that she caused and was treated by PMC for her injuries. To ensure payment, PMC had Davidson and Willis sign separate documents titled "Lien, Contract and Authorization to Release Medical Records." PMC then recorded the liens with the Maricopa County Recorder's Office pursuant to the perfection provisions of A.R.S. §§ 33–931 to –932, and sent copies to Farmers by certified mail. PMC also sent a letter to Farmers directing it to include the name of PMC on any draft for settlement sent to Davidson.[3]

¶ 3 Davidson and Willis settled their respective cases with Farmers, each signed a release, and each received a settlement check from Farmers listing PMC as the joint payee. Davidson negotiated her $374.40 check without PMC's endorsement. PMC alleged that Willis either negotiated her check or retained the check; nevertheless, PMC never endorsed either check, did not sign a release for either lien, and remains unpaid for the medical treatment it provided to Davidson and Willis.

¶ 4 PMC sued Farmers to enforce both medical liens pursuant to § 33–934(A). PMC also sought declaratory relief and to permanently enjoin Farmers from paying any claimant without separately satisfying the medical provider's lien.

¶ 5 Farmers filed a motion to dismiss for failure to state a claim upon which relief can be granted under Arizona Rule of Civil Procedure 12(b)(6). After oral argument, the superior court dismissed the action. The

court found that Farmers met its statutory obligation to satisfy a medical lien by including PMC as a joint payee on each settlement check; that any cause of action PMC might have would be against the bank for accepting Davidson's check without both endorsements and against Willis for not paying PMC; and that PMC failed to allege facts to support its request that a permanent injunction issue so that Farmers separately pays PMC in the future.

¶ 6 PMC timely appealed. We have jurisdiction under A.R.S. § 12–2101(A)(1).

## DISCUSSION

¶ 7 We review the dismissal of PMC's claims de novo. *Coleman v. City of Mesa,* 230 Ariz. 352, 355, ¶ 7, 284 P.3d 863, 866 (2012). We "will not affirm the dismissal unless satisfied that as a matter of law . . . plaintiffs would not be entitled to relief under any interpretation of the facts susceptible of proof." *Belen Loan Investors, LLC v. Bradley,* 231 Ariz. 448, 453, ¶ 7, 296 P.3d 984, 989 (App.2012) (quoting *Coleman,* 230 Ariz. at 356, ¶ 8, 284 P.3d at 867) (internal quotation marks omitted). We limit our review to the pleadings and assume the truth of well-pled facts and the reasonable inferences therefrom. *Cullen v. Auto–Owners Ins. Co.,* 218 Ariz. 417, 419, ¶ 7, 189 P.3d 344, 346 (2008) (noting that conclusory statements insufficiently state a claim upon which relief may be granted). We review the superior court's interpretation and application of any statute de novo. *Helvetica Servicing, Inc. v. Pasquan,* 229 Ariz. 493, 496, ¶ 11, 277 P.3d 198, 201 (App.2012). We review the lien statutes liberally, but require strict compliance with any statutory requirements. *Nationwide Mut. Ins. Co. v. Ariz. Health Care Cost Containment Sys.,* 166 Ariz. 514, 517, 803 P.2d 925, 928 (App.1990).

### I. Enforcement of a Medical Lien

¶ 8 PMC argues that the superior court erred by dismissing the two medical lien

---

2. We resolve the remaining issues on appeal in a memorandum decision pursuant to ARCAP 28(g).

3. PMC instructed Farmers that: "the name of PMC must be placed on any draft of payment or any award, settlement or judgment to . . . David-

son. . . . If payment should be made to . . . Davidson without the inclusion of our name, we will hold your company, or any other parties making said payment, responsible."

claims because § 33–934(A) allows it to attempt to recover the amount of its lien from an insurer if the patient does not pay the lien. We agree.

¶ 9 A health care provider is entitled to a lien for its treatment of a patient pursuant to § 33–931(A) to "lessen the burden on hospitals and other medical providers imposed by non-paying accident cases." *Blankenbaker v. Jonovich,* 205 Ariz. 383, 387, ¶ 19, 71 P.3d 910, 914 (2003) (quoting *La-Bombard v. Samaritan Health Sys.,* 195 Ariz. 543, 548, ¶ 18, 991 P.2d 246, 251 (App. 1998)). If the provider perfects its lien pursuant to § 33–932, it can enforce its lien pursuant to § 33–934(A). Specifically, if the injured patient settles his or her claim without paying the health care lienholder or obtaining a release, the provider can enforce its perfected lien in an action against the tortfeasor *"or against any insurer or other person, firm or corporation that is responsible for paying all or part of the damages."* A.R.S. § 33–934(A) (emphasis added).[4]

¶ 10 The statute was amended in 2004 to allow a lienholder to pursue an insurer or others responsible for paying the damages. 2004 Ariz. Sess. Laws, ch. 154, § 33–934 (2d Reg.Sess.). The amendment appears to be the legislative reaction to *Maricopa County v. Barfield,* which followed the general rule that "in the absence of a contractual or statutory provision to the contrary, an injured person has no direct cause of action against a tortfeasor's insurance company." 206 Ariz. 109, 112, ¶ 13, 75 P.3d 714, 717 (App.2003) (internal quotation marks omitted). Based on our review of that rule in *Barfield,* we affirmed the superior court's ruling that prevented Maricopa County from effectively suing the tortfeasor's insurer to enforce its medical lien. *Id.* at 110–13, ¶¶ 2, 5, 13, 15, 75 P.3d at 715–18.

¶ 11 Although Farmers concedes that PMC did not sign the releases signed by Willis and Davidson or receive payment, it contends that it is not liable to PMC because it issued joint checks and one or more banks wrongfully accepted improper endorsements. Section 33–934(A), however, does not support the argument.

¶ 12 Section 33–934(A) plainly provides that if an injured person recovers a settlement or judgment and the health care lienholder has not been paid or released its lien, it can sue the insurer "that is responsible for paying all or part of the damages." The statute does not preclude an action against the insurer because it issued a joint-payee check. Consequently, the statute allows PMC to bring an action to enforce its perfected liens against Farmers because PMC did not get paid or otherwise compromise or release its liens.

¶ 13 Farmers also argues that it attempted to ensure that PMC was paid by issuing a joint-payee settlement check to each injured party and PMC. It contends that because one or both checks were negotiated without PMC's endorsement, which was contrary to the requirement that an instrument made payable to two or more cannot be enforced unless endorsed by all the payees, PMC has a remedy against the offending bank. *See* A.R.S. § 47–3110(D) ("If an instrument is payable to two or more persons not alternatively, it is payable to all of them and may be negotiated, discharged or enforced only by all of them."). The fact that a bank or banks ignored the absence of PMC's endorsement on the joint-payee checks does

---

4. Section 33–934(A) provides, in relevant part, that:

A release of claims on which a lien or assignment is given by § 33–931 or of any judgment on that claim is not valid or effectual against the lien or assignment unless the lienholder or assignee joins in the release or executes a release of the lien or assignment. If any amount has been or is to be collected by the injured person or that person's legal represen-

tative from or on account of the person, firm or corporation liable for damages by reason of a judgment, settlement or compromise, the [lien] claimant or assignee of the lien or assignment may enforce the lien or assignment by action against the person, firm or corporation that is liable for damages, or against any insurer or other person, firm or corporation that is responsible for paying all or part of the damages.

not, however, release Farmers from its statutory responsibility for the liens because an entity responsible for paying damages "can be pursued for the charges, even if [it] has already transferred funds to the injured person in derogation of the lien." *See Blankenbaker*, 205 Ariz. at 388, ¶ 20, 71 P.3d at 915 (recognizing under the former version of § 33–934 that the " 'person, firm or corporation liable for damages by reason of ... settlement' " can be pursued when funds have already been transferred to the injured person); *cf. McReynolds v. Am. Commerce Ins. Co.*, 225 Ariz. 125, 126–28, ¶ ¶ 6, 12, 235 P.3d 278, 279–81 (App.2010) (noting that if the offer of judgment had been accepted without the lienholder's release, it "would have left the insurer and the insured exposed to a claim by the lienholder"). Consequently, the fact that Farmers issued joint-payee checks does not prevent or preclude PMC's statutory lien enforcement action.[5] *See* A.R.S. § 33–934(A) ("A release of claims on which a lien ... is given by § 33–931 ... is not valid or effectual against the lien ... unless the lienholder or assignee joins in the release or executes a release of the lien.").

¶ 14 Farmers next argues that the statutory language does not specifically provide that the tortfeasor's insurance company is a guarantor of any perfected medical liens. The statute, however, does not make an insurance company, like Farmers, a guarantor of payment. Instead, the statute allows the health care provider that has perfected its lien to sue the tortfeasor's insurance company if it pays a settlement or judgment without obtaining a release from the lienholder. The statute does not prevent the carrier from challenging the perfection of the lien, raising other defenses, or joining other parties.

¶ 15 Finally, Farmers argues that PMC can only sue to enforce the medical liens if

Farmers acted in derogation of the liens. The plain language of the statute does not support the argument. *See Deer Valley Unified Sch. Dist. No. 97 v. Houser*, 214 Ariz. 293, 296, ¶ 8, 152 P.3d 490, 493 (2007) (noting that we look to the plain language of the statute to determine its meaning). Even if we assume that the statute implied such a requirement, Farmers acted in derogation of the liens by not following the express requirements of the statute to obtain releases from the lienholder. Consequently, PMC's claim against Farmers to enforce its medical liens should not have been dismissed.[6]

## II. Attorneys' Fees

¶ 16 PMC argues that the superior court erred by granting Farmers attorneys' fees and costs. We review the award for an abuse of discretion, but review the interpretation and application of the attorneys' fee statute de novo. *Ariz. Tile, L.L.C. v. Berger*, 223 Ariz. 491, 498–99, ¶ 35, 224 P.3d 988, 995–96 (App.2010).

¶ 17 We agree with PMC's argument that Farmers is not entitled to attorneys' fees pursuant to § 33–934(B) given our resolution of the medical lien claims. We also agree that any contract claim was minor and only peripherally related to the medical lien claims and should not have resulted in an award of attorneys' fees to Farmers under A.R.S. § 12–341.01. In *Keystone Floor & More, LLC v. Arizona Registrar of Contractors*, 223 Ariz. 27, 30, ¶ ¶ 11–12, 219 P.3d 237, 240 (App.2009), we found that the action, like this one, was statutory and not contractual, and, as a result, § 12–341.01 did not apply. Consequently, we vacate the award of attorneys' fees and costs to Farmers.

## III. Appellate Attorneys' Fees

¶ 18 Both parties request attorneys' fees and costs on appeal. PMC requests fees

---

5. Although Farmers cites construction cases that employ the joint-check rule or where there is a performance bond, see *Brown Wholesale Electric Co. v. Beztak of Scottsdale, Inc.*, 163 Ariz. 340, 343–44, 788 P.2d 73, 76–77 (1990), and *Wells-Stewart Construction Co. v. Martin Marietta Corp.*, 103 Ariz. 375, 376–77, 380, 442 P.2d 119, 120–21, 124 (1968), § 33–934(A) specifically applies to medical liens and does not preclude an insurer

from being sued by a health care lienholder that has perfected its lien if the injured party is paid without securing a release of the lien.

6. Given our resolution of the enforcement of medical lien claims, PMC's arguments for declaratory judgment and injunctive relief are moot.

pursuant to § 33–934(B), while Farmers makes its request under "A.R.S. §§ 12–341.01(A) and/or 33–934(B)." Because Farmers is not the prevailing party, its request is denied. PMC has prevailed on appeal on its statutory lien claims, so we award PMC its reasonable attorneys' fees and costs on appeal pursuant to § 33–934(B) upon compliance with ARCAP 21.

## CONCLUSION

¶ 19 Based on the foregoing, we reverse the dismissal of PMC's claims against Farmers for the statutory enforcement of a medical lien and remand for further proceedings.