**In re: Zdenek KIESLICH and Susan A. Kieslich, Debtors.**

**Zdenek Kieslich, Plaintiff–Appellant,**

and

**Susan A. Kieslich, Plaintiff,**

v.

**United States of America, Defendant–Appellee.**

No. 99–17202.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 12, 2001*

Filed Aug. 2, 2001

* Argued and submitted as to appellee. Submitted on the briefs as to appellant.

Kevin J. Mirch, Reno, Nevada, for the plaintiff-appellant.

Teresa T. Milton (argued), Department of Justice (Tax Division), for the defendant-appellee.

Before: O'SCANNLAIN, W. FLETCHER, Circuit Judges, and KELLEHER, District Judge.**

---

** The Honorable Robert J. Kelleher, Senior United States District Judge for the Central District of California, sitting by designation.

1. Susan Kieslich was generally also a party to all of proceedings discussed herein, but she subsequently dismissed her action against the government and is not a party to this appeal.

O'SCANNLAIN, Circuit Judge:

We must decide whether an objection to discretionary jurisdiction is waived on appeal by failure to raise it first in the bankruptcy court.

I

Zdenek Kieslich filed a petition for bankruptcy relief under Chapter 7 on August 6, 1986.[1] On July 28, 1988, the IRS filed a proof of claim for $460,000 in federal income taxes owed from tax years 1984 and 1985. On November 20, 1990, the bankruptcy trustee filed an objection on the ground that the proof of claim was time-barred, which the IRS did not oppose.

During this interval, Kieslich filed his first suit against the United States in bankruptcy court asking for a determination of his tax liability.[2] He was initially granted a default judgment on this suit, which was eventually set aside and his suit was ultimately dismissed without prejudice for failure to state a claim. Kieslich thereafter filed a second suit in bankruptcy court against the government asking again for a determination that he was not liable for the deficiency assessed by the IRS.

The bankruptcy proceeding continued unabated by Kieslich's suits against the government, and was completed on June 12, 1992, with a final order of discharge. At that time, nothing other than some light discovery had taken place in Kieslich's second suit, which remained active.[3]

On October 7, 1996, over four years after the bankruptcy proceeding had ter-

2. The bankruptcy court has jurisdiction to hear suits "related to" a bankruptcy proceeding. 28 U.S.C. § 157(c).

3. Notwithstanding failure of the IRS to file timely proof of claim, Kieslich's tax liability was not discharged in his bankruptcy proceedings. 11 U.S.C. §§ 523(a)(1)(A), (7).

minated, and after a trial on Kieslich's second suit, the bankruptcy court entered judgment in Kieslich's favor, finding him not liable for the deficiency because the IRS failed to carry its burden to prove that his deductions were disallowed. At no time prior to the entry of this judgment did the government object to the bankruptcy court's continued jurisdiction over the adversarial proceeding.

The government appealed the bankruptcy court's judgment to the district court, and raised lack of jurisdiction for the first time. The district court held that the government's challenge to the bankruptcy court's jurisdiction was "colorably meritorious" and remanded to the bankruptcy court for the limited purpose of determining its subject matter jurisdiction.

On remand, the bankruptcy court determined that its continued jurisdiction over Kieslich's suit had been proper. The government again appealed to the district court, challenging the bankruptcy court's judgment in favor of Kieslich both on jurisdiction and on the merits. Without reaching the merits, the district court ruled that the bankruptcy court lacked subject matter jurisdiction, and, on September 29, 1999, remanded with instructions to vacate its judgment in favor of Kieslich and to dismiss his suit without prejudice. Kieslich filed a timely notice of appeal.

## II

■ Kieslich argues that the government cannot wait until it has lost before the bankruptcy court to object, for the first time, to that court's jurisdiction. In rejecting this argument, the district court stated:

> [Kieslich] appears to be arguing since appellant participated without objection in the adversarial proceeding, it has waived its right to bring this jurisdictional challenge. [Kieslich], however,

should be well aware of the basic principle that subject matter jurisdiction cannot be created by waiver or consent. In fact, the argument that a court lacks subject matter jurisdiction may be raised by either party or the court at any time; even for the first time on appeal.

The district court is correct that parties cannot waive objections to subject matter jurisdiction. *E.g., Attorneys Trust v. Videotape Computer Products, Inc.,* 93 F.3d 593, 595 (9th Cir.1996).

■ That is not, however, the question before us. There is subject matter jurisdiction, albeit supplemental jurisdiction, in this case. District courts have the discretion to retain jurisdiction over pendent (now supplemental) state law claims when the accompanying federal question claim falls out. *See Carnegie–Mellon University v. Cohill,* 484 U.S. 343, 350 & n. 7, 108 S.Ct. 614, 98 L.Ed.2d 720 (1988). We have held that a party waives any objection to the district court's exercise of its discretion to retain jurisdiction over such supplemental claims when the party fails to raise its objection at the trial level. *Acri v. Varian Assoc., Inc.,* 114 F.3d 999, 1000–01 (9th Cir.1997) (en banc) ("[W]hile Article III jurisdiction must be considered *sua sponte,* review of the discretionary aspect to supplemental jurisdiction under § 1367(c) is waived unless raised in the district court." (citing *Doe by Fein v. District of Columbia,* 93 F.3d 861, 871 (D.C.Cir.1996))). The two other Circuits that have considered the question agree that the failure to raise the challenge before the district court results in waiver. *Groce v. Eli Lilly & Co.,* 193 F.3d 496, 501 (7th Cir.1999) ("That issue is important only if we needed to reach the underlying question of whether the district court should have exercised its discretion to decline jurisdiction over the state law claims.

Mr. Groce, however, waived this latter contention by failing to raise it in the district court."); *Doe by Fein,* 93 F.3d at 871 ("The discretionary aspect to supplemental jurisdiction is waivable. Appellees failed to make this objection in the district court, and in the absence of exceptional circumstances, which appellees do not claim, the objection comes too late." (internal citations omitted)).

■ Although this case presents the issue of a bankruptcy court's decision to retain jurisdiction over a suit related to a terminated bankruptcy proceeding, and not the issue of a district court's decision to retain jurisdiction over supplemental claims, the same rules should apply. *In re Carraher,* 971 F.2d 327, 328 (9th Cir.1992) (per curiam) (holding that rules governing bankruptcy court's jurisdiction over claims related to a terminated bankruptcy proceeding are guided by rules governing "the authority of federal district courts to retain pendent state claims after the federal claims have been dismissed"). Accordingly, we hold that the *Acri* waiver rule should be extended to bankruptcy proceedings, and, therefore, that a party waives any objection to a bankruptcy court's discretionary exercise of its jurisdiction over related suits by failing to raise it before the bankruptcy court.

Because the government never objected before the bankruptcy court to its retention of jurisdiction over Kieslich's suit, it has waived that argument.[4] Thus, the district court erred by reversing the bankruptcy court for abuse of its discretion to retain jurisdiction over Kieslich's suit.

### III

We note that the district court did not pass on the merits of the arguments made by the government on its appeal from the bankruptcy court, nor did the parties brief these issues before us. Therefore, we remand to the district court for consideration of the government's remaining arguments on the merits.

REVERSED and REMANDED.

---

4. The government might have been able to avoid waiver if it had established "exceptional circumstances" to explain its failure to raise its jurisdictional objection before the bankruptcy court. *Doe by Fein,* 93 F.3d at 871. The government, however, did not provide any reason for this failure.