MEMORANDUM ***
In 1994, Douglas and Jarrett Lore filed a proof of claim against Robert and Eva Blecher’s bankruptcy estate based on legal malpractice allegedly committed by Robert Blecher. On September 15, 2000, the bankruptcy court issued an order in which it allowed this claim in the amount of $86,349.41. The Lores appealed this order to the district court, but while the appeal was pending the bankruptcy court entered another order on October 10, 2000 in which it declared that the Lores’ claim against the Blechers had been discharged.[1] The district court concluded on the basis of this second order that since the discharge barred the Lores from recovering from the Blechers personally, the Lores’ appeal of the September 15 order was moot. The Lores appeal, claiming that the district court erred in concluding that their appeal was moot. The Blechers concede that the appeal was not moot but argue that the district court had no jurisdiction over the Lores’ appeal from the September 15 order because that order was not final. We reverse, concluding that the district court had jurisdiction over the Lores’ claim and that the Lores’ appeal of the amount of their allowed claim is not moot.
The district court had jurisdiction over the Lores’ appeal under 28 U.S.C. § 158(a) (2000), because the bankruptcy court’s September 15 order was a final order. A bankruptcy court order that allows a claim against the bankruptcy estate over the objection of the debtor is final. See Prestige Ltd. P’ship-Concord v. East Bay Car Wash Partners (In re Prestige *813 Ltd. P’ship-Concord), 234 F.3d 1108, 1113-14 (9th Cir.2000). In this case, the bankruptcy court’s order of September 15, 2000 expressly allowed the Lores’ claim against the Blechers’ bankruptcy estate in the amount of $86,349.41. Nevertheless, the Blechers contend that the bankruptcy court’s order did not conclusively determine that the Lores’ claim was allowed because it did not resolve the question of what effect the Blechers’ discharge would have on allowance. In Prestige, 234 F.3d at 1114, this Court held that a bankruptcy court order allowing a claim was final even though further proceedings were necessary to determine the amount of that claim, since the question of the amount of the claim would have no effect on the bankruptcy court’s legal conclusion to allow the creditor’s claim. Similarly, in this case, the only consequence of the bankruptcy court’s ruling on the discharge was that the Blechers are now no longer personally liable to the Lores for Robert Blecher’s malpractice. See 11 U.S.C. § 524(a) (2000). This ruling does not affect either the court’s determination of the validity of the Lores’ malpractice claim under Arizona law or its decision to allow the claim against the Blechers’ estate.
We also conclude that the district court erred in dismissing the Lores’ appeal as moot. An appeal cannot be dismissed as moot as long as a party has a legally cognizable interest in the outcome of an appeal and the appellate court can grant some effective relief. See, e.g., Kescoli v. Babbitt, 101 F.3d 1304, 1308 (9th Cir.1996). Here, although the Blechers’ discharge prevents the Lores from recovering from the Blechers, the Lores have an interest in a final determination of the amount of their claim since the allowance of a claim against a debtor’s bankruptcy estate is a final judgment with res judicata effect in a subsequent proceeding. See Siegel v. Federal Home Loan Mortgage Corp., 143 F.3d 525, 528-30 (9th Cir.1998). The Lores have an interest in such a final judgment because they seek to recover from Robert Blecher’s malpractice insurer, and Arizona law requires the Lores to first obtain a final judgment against Blecher himself. See Nationwide Mut. Ins. Co. v. Arizona Health Care Cost Containment Sys., 166 Ariz. 514, 803 P.2d 925, 929 (Ariz.Ct.App.1990). Since discharge affects only the Blechers’ personal liability on the Lores’ claim, and not the validity of that claim or the liability of any third party on that claim, 11 U.S.C. §§ 524(a), (e) (2000), the Blechers’ discharge does not moot the Lores’ appeal.
Although the Blechers concede that the Lores’ appeal is not moot, they argue that the district court lacks jurisdiction under 28 U.S.C. § 1334(b) (2000) over any further proceedings on the Lores’ claim. The Blechers contend that since their discharge includes the Lores’ claim, this claim can no longer affect the Blechers’ bankruptcy estate and thus is no longer “related to” the underlying bankruptcy case. See Fietz v. Great W. Sav. (In re Fietz), 852 F.2d 455, 457 (9th Cir.1988). However, the discharge of a debtor does not automatically deprive the federal courts of jurisdiction over a claim related to the bankruptcy. See Kieslich v. United States (In re Kieslich), 258 F.3d 968, 969, 971 (9th Cir.2001). Rather, the district court has the discretion to retain jurisdiction over this proceeding on the Lores’ claim after considering judicial economy, comity, and fairness and convenience to the litigants. Carraher v. Morgan Elec., Inc. (In re Carraher), 971 F.2d 327, 328 (9th Cir. 1992) (per curiam).
Accordingly, the decision of the district court is REVERSED and this case is RE *814 MANDED for further proceedings consistent with this disposition.

 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3.

. After completing their payments under their Chapter 13 plan, the Blechers received a discharge on December 3, 1998, while the Lores' claim was still pending. The October 10 order simply declared that the Lores’ claim was included in this discharge.