NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

DEC 14 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

In re:  PAUL CHARLES ZEPPINICK,

Debtor,

No.    17-60050

BAP No. 16-1293

PAUL CHARLES ZEPPINICK,

Appellant,

v.

LUIS RAMIREZ,

Appellee.

MEMORANDUM[*]

Appeal from the Ninth Circuit
Bankruptcy Appellate Panel
Kurtz, Faris, and Lafferty III, Bankruptcy Judges, Presiding

Submitted December 4, 2018[**]
Pasadena, California

Before:  O'SCANNLAIN and IKUTA, Circuit Judges, and KENNELLY,[***]
District Judge.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

[***]    The Honorable Matthew F. Kennelly, United States District Judge for the Northern District of Illinois, sitting by designation.

Paul Charles Zeppinick challenges the bankruptcy court's finding that his debt to Louis Ramirez was nondischargeable under 11 U.S.C. § 523. The facts are known to the parties, and we do not repeat them here.

I

Zeppinick's threshold argument is that the bankruptcy court erred because it gave issue-preclusive effect to the Labor Commissioner's findings. Zeppinick waived this argument, however, because he failed to raise it in the bankruptcy court. *See In re Mortgage Store, Inc.*, 773 F.3d 990, 998 (9th Cir. 2014); *In re Kieslich*, 258 F.3d 968, 971 (9th Cir. 2001). The bankruptcy appellate panel's decision to reach this issue does not alter our analysis because we "review independently the decision of the bankruptcy court, showing no deference to the decision of the BAP." *In re Kadjevich*, 220 F.3d 1016, 1019 (9th Cir. 2000). Even if Zeppinick had not waived the argument, the bankruptcy appellate panel did not err in concluding that the Labor Commissioner's finding had issue-preclusive effect because Zeppinick had the opportunity to seek judicial review of the finding but failed to do so. *See Doe v. Regents of the Univ. of Cal.*, 891 F.3d 1147, 1154–55 (9th Cir. 2018).

II

Zeppinick also contends that the bankruptcy court erred in finding that his debt to Ramirez was nondischargeable under § 523(a)(6). The bankruptcy court relied on our decision in *In re Jercich*, 238 F.3d 1202 (9th Cir. 2001). We held in

*Jercich* that debts arising out of an "intentional breach of contract" are nondischargeable under § 523(a)(6) if such breach is "[(1)] accompanied by tortious conduct which results in [(2)] willful and malicious injury." *Id.* at 1205.

A

*Jercich* itself compels the conclusion that Zeppinick's conduct was tortious. There, we concluded that an employer's refusal to pay wages "constituted tortious conduct" because he "had the clear ability to pay [the employee's] wages . . . but willfully chose not to." *Id.* at 1207 (internal quotation marks omitted). Here, Zeppinick admitted at trial that he withheld Ramirez's wages even though he had the money to pay him. Thus, his refusal to pay Ramirez's wages constituted tortious conduct.

B

Zeppinick's tortious conduct also resulted in willful and malicious injury. First, under our precedent, injury is inflicted "willfully" if the "debtor believed that injury was substantially certain to occur as a result of his conduct." *Id.* at 1208. The bankruptcy court found that Zeppinick's conduct was willful because he "refused to pay [Ramirez] the $21,495.74 owed to him" even though he knew "that an individual making $4,000 per month would be significantly injured if he did not receive this pay and reimbursement of expenses." This factual determination was not clearly erroneous. *See Vision Air Flight Serv., Inc. v. M/V Nat'l Pride*, 155 F.3d 1165, 1176

3

(9th Cir. 1998) (holding that whether a party's act "was intentional is a question of fact").

Second, an injury is "malicious" if it involves "(1) a wrongful act, (2) done intentionally, (3) which necessarily causes injury, and (4) is done without *just* cause or excuse." *In re Bammer*, 131 F.3d 788, 791 (9th Cir. 1997) (en banc). The first three elements are satisfied here for the same reasons that his conduct was tortious and that the injury was inflicted willfully.

Zeppinick also argues, however, that he acted with "just cause or excuse"— and thus his conduct was not "malicious"—because he withheld the wages as a "set off" against the damages to Bentley's roof. But under California law, an employer generally may not withhold wages to offset damages allegedly caused by an employee. *See Barnhill v. Robert Saunders & Co.*, 125 Cal. App. 3d 1, 6 (Ct. App. 1981); Cal. Lab. Code § 221. Accordingly, Zeppinick's decision to withhold wages lacked the "just cause" necessary to negate nondischargeability under § 523(a)(6).

**AFFIRMED.**