**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

JOHN HO, an individual,
*Plaintiff-Appellant*,

v.

FREDERICK RUSSI,
*Defendant-Appellee.*

No. 20-55915

D.C. No.
8:20-cv-00446-
DOC-DFM

OPINION

Appeal from the United States District Court
for the Central District of California
David O. Carter, District Judge, Presiding

Argued and Submitted June 6, 2022
Pasadena, California

Filed August 19, 2022

Before: Milan D. Smith, Jr., Bridget S. Bade, and
Lawrence VanDyke, Circuit Judges.

Opinion by Judge VanDyke

## SUMMARY[*]

### Supplemental Jurisdiction/Americans with Disabilities Act

The panel reversed the district court's order declining, in an action under the Americans with Disabilities Act, to exercise supplemental jurisdiction under 28 U.S.C. § 1367(c) over plaintiff's state law claim under California's Unruh Civil Rights Act, and remanded for further proceedings.

The panel held that the district court erred in sua sponte declining supplemental jurisdiction without providing plaintiff with notice of its intent to dismiss or an opportunity to respond. This was error because plaintiff was entitled to argue his claim prior to dismissal.

The panel addressed an award of attorney's fees in a separate memorandum disposition.

### COUNSEL

Pamela Tsao (argued), Ascension Law Group PC, Santa Ana, California, for Plaintiff-Appellant.

No appearance by Defendant-Appellee.

---

[*] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

## OPINION

VANDYKE, Circuit Judge:

### I.

We are asked in this case to review the district court's order declining to exercise supplemental jurisdiction over Plaintiff-Appellant John Ho's state law claim. Because the district court erred by issuing a final order without providing Ho with notice of its intent to dismiss and an opportunity to respond, we reverse and remand.

### II.

John Ho is a paraplegic who cannot walk or stand and requires the use of a wheelchair. In July 2019, Ho visited Pepe's Mexican Restaurant in Brea, California. During his visit, Ho found that the parking spaces in front of Pepe's had "slopes and/or cross slopes that exceed[ed] 2.0%," making it difficult for him to enter and exit his vehicle. In addition, the "[a]ccessible pathways" and "access aisles" in the restaurant were "too narrow" for him to navigate using his wheelchair. Ho filed a complaint in federal court alleging that Pepe's proprietor, Frederick Russi, had failed to maintain the restaurant's accessibility in accordance with federal and state law. Ho sought damages, injunctive relief, and attorney's fees under the Americans with Disabilities Act of 1990 (ADA), 42 U.S.C. §§ 12101 *et seq.*, and California's Unruh Civil Rights Act (Unruh Act), Cal. Civ. Code §§ 51–52.

After Russi failed to respond to the complaint, Ho applied for a default, which the clerk entered. One month later, Ho moved for default judgment. But instead of considering Ho's motion, the district court declined

supplemental jurisdiction sua sponte and dismissed the Unruh Act claim without giving Ho prior notice or the opportunity to respond.**[1]**   The district court reasoned that "exceptional circumstances" and "compelling reasons" justified declining jurisdiction under 28 U.S.C. § 1367(c)(4). To support this conclusion, it cited the large influx of Unruh Act claims filed in federal court that avoid increased filing fees and heightened pleading standards in California state court.

Ho now appeals the district court's order.

## III.

The district court sua sponte declined supplemental jurisdiction without providing Ho with notice of its intent to dismiss or an opportunity to respond.  This was error because Ho was entitled to argue his claim prior to dismissal.

Generally, a district court must provide litigants with notice and an opportunity to respond before dismissing a claim for failure to state a claim.  *See, e.g.*, *Harmon v. Superior Ct.*, 307 F.2d 796, 798 (9th Cir. 1962); *Dodd v. Spokane County*, 393 F.2d 330, 334 (9th Cir. 1968).  And "[w]hile a party is entitled to notice and an opportunity to respond when a court contemplates dismissing a claim on the merits, it is not so when the dismissal is for lack of subject matter jurisdiction." *Scholastic Ent., Inc. v. Fox Ent. Grp.*, 336 F.3d 982, 985 (9th Cir. 2003) (citation omitted).  But, as

---

**[1]** The district court dismissed Ho's claim without prejudice and allowed Ho to file a new default judgment motion addressing only the ADA claim.  Ho refiled his motion and the district court ordered injunctive relief and awarded reduced attorney's fees.  Ho has also appealed the reduced attorney's fees, and that issue is addressed in a separate memorandum disposition.

we have cautioned, "[t]he district court's power to dismiss under such circumstances . . . is not unlimited. *[A]ll of the circumstances* must be considered in determining whether the absence of notice as to the possibility of dismissal or the failure to hold an adversary hearing renders the dismissal void." *Id.* (second alteration in original) (emphases added) (citations omitted).

As an initial matter, the district court erred when it determined that its dismissal was for lack of subject matter jurisdiction. *See Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639–40 (2009) (stating that "whether a court has subject-matter jurisdiction over a claim is distinct from whether a court chooses to exercise that jurisdiction" and that a district court's "exercise of its discretion under § 1367(c) is not a jurisdictional matter" (citation and internal quotation marks omitted)); *Kieslich v. United States (In re Kieslich)*, 258 F.3d 968, 970–71 (9th Cir. 2001) (stating that when a district court exercises its discretion to retain jurisdiction over supplemental state law claims "[t]here is subject matter jurisdiction, albeit supplemental jurisdiction," and an objection to such supplemental jurisdiction is waivable, unlike a challenge to subject matter jurisdiction); *Kohler v. Inter-Tel Techs.*, 244 F.3d 1167, 1171 (9th Cir. 2001) (stating that the "exercise of supplemental jurisdiction under § 1367(c) is . . . treated differently from Article III jurisdiction"). Thus, the district court was required to provide Ho with notice and an opportunity to be heard before sua sponte declining to exercise supplemental jurisdiction and dismissing his state law claim. *See Catzin v. Thank You & Good Luck Corp.*, 899 F.3d 77, 83–84 (2d Cir. 2018) (holding that a district court was required to provide notice and an opportunity to be heard before sua sponte declining to exercise supplemental jurisdiction, reasoning in part that such a decision is "not a case in which it is unmistakably

clear that the court lacks jurisdiction" because, "[t]o the contrary, it is indisputable that the District Court possessed supplemental jurisdiction" and "only faced the discretionary inquiry of whether to discontinue that jurisdiction" (citation omitted)).

Moreover, under the circumstances of this case, even if the district court had properly dismissed Ho's state law claims for lack of subject matter jurisdiction, the district court would still have been required to provide notice and an opportunity to be heard. We have thus far identified only two circumstances in which a district court may dismiss for lack of subject matter jurisdiction without providing notice and an opportunity to respond, and Ho's claims do not fall within either circumstance. First, the district court may dismiss a litigant's claims without notice and an opportunity to respond when parties have previously argued the issue of jurisdiction. *Scholastic Ent., Inc.*, 336 F.3d at 985; *see also Cal. Diversified Promotions, Inc. v. Musick*, 505 F.2d 278, 280–81 (9th Cir. 1974). Second, the district court may dismiss a litigant's claim without notice where lack of jurisdiction "appears on the face of the complaint and is obviously not curable." *Harmon*, 307 F.2d at 797.

The first circumstance does not apply to Ho's case. In *Scholastic*, the district court did not give the defendant notice or an opportunity to respond before dismissing its counterclaim. *Scholastic Ent., Inc.*, 336 F.3d at 985. But several months earlier, "the parties . . . extensively briefed the issue of subject matter jurisdiction . . . [so] any additional briefing would have been duplicative and unnecessary." *Id.* Unlike the litigant in *Scholastic*, Ho did not have a chance to argue the issue of jurisdiction prior to dismissal.

The second circumstance is likewise inapplicable to Ho's case. In this situation, it is impossible that lack of

subject matter jurisdiction "appears on the face of the complaint and is obviously not curable." *See Harmon*, 307 F.2d at 797. A federal court normally must assert supplemental jurisdiction when the combined state and federal claims form part of the same "case or controversy" and share a "common nucleus of operative fact." *See Trs. of the Constr. Indus. & Laborers Health & Welfare Tr. v. Desert Valley Landscape & Maint., Inc.*, 333 F.3d 923, 925 (9th Cir. 2003) (citations and internal quotation marks omitted). But as we explained in *Arroyo v. Rosas*, a district court might be justified declining supplemental jurisdiction over a combined ADA/Unruh Act claim. 19 F.4th 1202, 1213 (9th Cir. 2021) (holding that "[t]he district court did not abuse its discretion in concluding that this extraordinary situation threatens unusually significant damage to federal-state comity and presents 'exceptional circumstances' within the meaning of § 1367(c)(4)"). But even assuming the district court *could* decline supplemental jurisdiction in this case, it also has discretion to retain supplemental jurisdiction over the state law claim. *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966) (holding that supplemental jurisdiction is a "doctrine of discretion"); *see also* 28 U.S.C. § 1367(c) ("The district courts *may* decline to exercise supplemental jurisdiction over a claim . . . ." (emphasis added)). Given this discretion, it makes no sense to characterize any *discretionary* decision to decline supplemental jurisdiction as apparently lacking subject matter jurisdiction "on the face of the complaint" and "obviously not curable." *See Harmon*, 307 F.2d at 797. Where such discretion is involved, the litigants cannot know for sure how the district court will exercise its discretion until after the court has done so—they certainly cannot tell "from the face of the complaint." *Id.* The district court may be understandably reluctant to extend supplemental jurisdiction to combined ADA/Unruh Act cases for all the

reasons given by the court, but the claims cannot be dismissed automatically without prior notice and an opportunity to respond.

The district court erred by not providing Ho an opportunity to argue supplemental jurisdiction before dismissing his claim. Until Ho is given such an opportunity, we need not address most of the other issues asserted on appeal.[2]

## IV.

For the reasons stated herein, the district court's order dismissing Ho's claim is **REVERSED and REMANDED** for further proceedings consistent with this opinion.

---

[2] Except for the issue of reduced attorney's fees. *See supra* note 1.