**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAHER CONRAD SUAREZ,

        Plaintiff-Appellant,

v.

JEFF MACOMBER, et al.,

        Defendants-Appellees.

No.   23-15821

D.C. No.  2:18-cv-00340-KJM-DB

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of California
Kimberly J. Mueller, Chief District Judge, Presiding

Submitted June 3, 2024[**]
San Francisco, California

Before:  S.R. THOMAS, and BUMATAY, Circuit Judges; and BENNETT,[***]
District Judge.

---

     [*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

     [**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

     [***]     The Honorable Richard D. Bennett, United States District Judge for
the District of Maryland, sitting by designation.

Plaintiff-Appellant Maher Conrad Suarez, a prisoner in custody of the California Department of Corrections and Rehabilitation ("CDCR"), challenges the district court's dismissal as moot his action seeking declaratory and injunctive relief under 42 U.S.C. § 1983.  Suarez brought this action against several correctional officers and prison officials at Pelican Bay Prison in their individual capacites based on their conduct in carrying out suicide-prevention welfare checks, and several state level CDCR officials in both individual and official capacities. Suarez alleged that court-mandated welfare checks, which defendants conduct through the Guard One Security Check system, deprived him of sleep while housed in the Security Housing Unit ("SHU") at Pelican Bay State Prison in violation of the Eighth Amendment.  Because the parties are familiar with the factual and procedural history of the case, we need not recount it here.

Our jurisdiction is governed by 8 U.S.C. § 1291.  We review "legal conclusions concerning mootness *de novo* and factual findings concerning mootness for clear error." *Rocky Mountain Farmers Union v. Corey*, 913 F.3d 940, 949 (9th Cir. 2019).  We affirm the district court's dismissal of Suarez's action as moot.

I

The district court did not err in holding that Suarez's action did not fall into the "capable of repetition, yet evading review" exception to the mootness doctrine. "To qualify as a case fit for federal-court adjudication, an actual controversy must be extant at all stages of review, not merely at the time the complaint is filed." *Davis v. Fed. Election Comm'n*, 554 U.S. 724, 732–33 (2008) (internal quotation marks omitted). A case that becomes moot at any point during the proceedings is "no longer a 'Case' or 'Controversy' for purposes of Article III," and is outside the federal courts' jurisdiction. *United States v. Sanchez-Gomez*, 584 U.S. 381, 385–86 (2018) (quoting *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91 (2013)).

Suarez's injunctive claims are moot because he was transferred to Solano Prison and is no longer housed in Pelican Bay State Prison's SHU. *See Nelson v. Heiss*, 271 F.3d 891, 897 (9th Cir. 2001) (citation omitted) ("[W]hen a prisoner is moved from a prison, his action will usually become moot as to conditions at that particular facility."). Thus, Suarez needs to show that this action is "capable of repetition, yet evading review."

For the controversies "capable of repetition, yet evading review" exception to the mootness doctrine to apply, a plaintiff must show: (1) "the challenged action is in its duration too short to be fully litigated prior to cessation or expiration," and

(2) "there is a reasonable expectation that the same complaining party will be subject to the same action again." *Kingdomware Techs., Inc. v. United States*, 579 U.S. 162, 170 (2016) (cleaned up); *see also Alcoa, Inc. v. Bonneville Power Admin.*, 698 F.3d 774, 786 (9th Cir. 2012).

Suarez argues that because the Lipsey settlement leaves Guard One in place, it does not prevent the core dispute from recurring. However, the district court properly determined that the Lipsey settlement materially changed the application of Guard One, such that if Suarez was once again subjected to solitary confinement, he could not "suffer the same or very similar harm." *Alcoa*, 698 F.3d at 786. First, the court properly took judicial notice of the Lipsey settlement because it was a court filing. *See Rico v. Ducart*, 980 F.3d 1292, 1295 n.2 (9th Cir. 2020). Next, the court reviewed the terms of the settlement and used these terms as the factual basis to determine that Suarez could not be subjected to Guard One in the same way that he was subjected to it in the past. Thus, the district court properly held that Suarez's action was rendered moot. Even though the Lipsey settlement leaves Guard One in place, the terms of the settlement prevent the core dispute from recurring because the harm that Suarez suffered is not capable of repetition.

4

## II

The district court did not deny Suarez a procedural right by dismissing his action after taking judicial notice of the Lipsey settlement without affording him notice and an opportunity to respond. "While a party is entitled to notice and an opportunity to respond when a court contemplates dismissing a claim on the merits, it is not so when the dismissal is for lack of subject matter jurisdiction." *Scholastic Ent., Inc. v. Fox Ent. Grp.*, 336 F.3d 982, 985 (9th Cir. 2003) (citation omitted). District courts may dismiss a litigant's claims for lack of subject matter jurisdiction (a) "when parties have previously argued the issue of jurisdiction" or (b) "where lack of jurisdiction appears on the face of the complaint and is obviously not curable." *Ho v. Russi*, 45 F.4th 1083, 1086 (9th Cir. 2022) (cleaned up).

Suarez cannot show that he was denied a procedural right. Both parties extensively briefed the issue of mootness and the applicability of the "capable of repetition, yet evading review" exception. Thus, both parties "[had] previously argued the issue of jurisdiction," and it was not improper for the district court to dismiss for lack of subject matter jurisdiction. *Ho*, 45 F.4th at 1086.

**AFFIRMED.**[1]

---

[1] The defendants' motion to take judicial notice (Dkt. 21) is **GRANTED.**